# CRAFTS v. DEXTER.

1. A defendant against whom a judgment has been rendered, may have relief in chancery, upon the allegation that the writ, though returned executed, by the sheriff, had never been served upon him.

2. It is not sufficient to alledge that he had no notice of the suit; he must also show that the judgment is unjust, and that he had a defence to the action.

3. Where an endorser of a bill of exchange seeks to enjoin a judgment, on the ground that he had not been served with process, it is not a sufficient allegation, that he had never received notice of the dishonor of the bill, he must alledge that notice was not given. This averment must be made, though the burden of proof would lay on the other side.

Error to the Chancery Court at Montgomery.

The bill was filed by the defendant in error, and alledges, that on the 24th April, 1838, the Selma and Tennessee Rail Road Company being indebted to him, he drew a bill of exchange up-

on Gilbert Shearer, its president, in favor of one Henry Lazarus, for the payment of $1276 89, on the first of January, 1839, negotiable and payable at the Bank of Mobile, which was duly accepted by Shearer.    That some time after the 26th April, 1841, he ascertained that a judgment had been rendered against him in the Circuit Court of Dallas, as the drawer of said bill of exchange, by default, in favor of said Lazarus, for the use of R. A. Crafts.    That the writ issued in the cause purports to have been served on Crafts, by the deputy sheriff of Dallas county, on the 8th June, 1840, and that execution has been issued thereon, and levied on his property.    He denies that the writ was ever served on him, or that he knew any thing of the pendency of the suit, until after the judgment was obtained.    That he never received notice of the protest of the bill, and did not know that there was any intention to hold him responsible, and supposed that the Rail Road Company had paid the bill, and could have successfully defended the suit if he had known that it was pending.    The bill further alledges, that Crafts is a non-resident of the State, but where he resides is unknown to complainant.    The prayer of the bill is for an injunction, and for general relief.

The register made an order directing publication to be made, requiring Crafts to appear and answer, or the bill would be taken as confessed.    Subsequently, in vacation, the register made an order, reciting, that publication had been made, and that the bill be taken as confessed as to Crafts.

By leave of the Court, a supplemental bill was filed, alledging that since the filing of the original bill, the amount due on the bill of exchange had been paid to Crafts, upon an execution which issued on a judgment obtained against Shearer, as acceptor of the bill, and prayed that Crafts be compelled to answer.

Publication was again made, and an order by the register, that the supplemental bill be taken as confessed as to Crafts.

Testimony was taken by the complainant, but the Court rejected it, because due notice had not been given, and rendered a decree in favor of the complainant, perpetuating the injunction; to reverse which this writ is prosecuted.

CAMPBELL, for plaintiff in error.—There was no affidavit to the supplemental bill of the non-residence of Crafts, and there is no evidence that publication was made.

Crafts v. Dexter.

The Court erred in rendering a decree, in the absence of Lazarus, who had the legal title to the judgment. [Story's Eq. Pl. 187.]

There is no equity in the bill, as the sheriff's return cannot be impeached collaterally. [5 Litt. 199 ; 4 Ala. 279 ; 10 Gill & J. 358.]

The allegation that notice was not received, is a mere evasion. The allegation should have been, that the holder did not give notice, and that he had a fixed residence, [10 Peters, 573 ; 2 Stew. 280.]

The supplemental bill should have been verified, and process issued as in other cases. [2 Paige, 333 ; 1 Metc. 76 ; 1 Ala. 379 ; 11, 40 and 46 rules Chancery Practice, 1 Smith's Ch. Pr. 527.]

J. P. SAFFOLD, contra.—No objection was made below to the decrees *pro confesso.* They were taken before the register, and therefore the proof of publication need not appear in the record. The bill was sworn to, and the 40th rule complied with. The objection cannot be made for the first time on error, and by a party in contempt. [1 Ala. 386 ; 2 Id. 415 ; 9 Porter, 272 ; 5 Ala. 163, 173 ; 1 Hoffman's Ch. Pr. 405 , Story's Eq. P. 278.]

Lazarus was a mere formal party, and no objection can be taken for that omission in this Court, as it was waived in the Court below. [Story's Eq. Pl. 78, 148, 198, 416 ; 2 Stew. 291 ; 2 Stew. & P. 361.]

As to the equity of the bill, the Kentucky cases are answered by the decision of this Court, (2 Ala. 209,) which is, in principle, the same as this case.

ORMOND, J.—The bill seeks to open a judgment obtained at law, upon the ground, that the writ was not served upon the defendant at law, by the sheriff, and that he had no notice that the suit was pending against him, until the judgment was obtained. That if he had been notified of the existence of the suit, he could have successfully defended against it. The writ having been returned executed by the sheriff, it has been argued, that upon principles of public policy, the complainant must be remitted to his action against him.

It is certainly the general rule, that the Court gives credence

97

to the acts of its own officers, and will not permit their truth to be disputed, otherwise the Court would be impeded at every step in its progress, by the trial of collateral issues of fact. When, however, the suit has ripened into a judgment, new considerations present themselves, and it becomes then a question of great difficulty, whether one, against whom an unjust judgment has been obtained, and who has been deprived of all means of defence in the proper tribunal, by the mistake or fraud of the sheriff, shall be compelled, from considerations of public policy, to pay the judgment, and seek redress from the officer, or whether the preventive justice of a court of chancery will not interpose, and afford an opportunity of proving the invalidity of the demand, without requiring him first to pay the judgment? The solution of this question, appears to depend upon the relative merits of the public interest, and the private injury involved, and we are aware, that it has been decided that in such a case, the private must yield to the public interest.

We abstain, however, from entering, at this time, into the merits of this controversy, because we think the principle has been settled in the case of Brooks v. Harrison, 2 Ala. 209, in favor of the relief. In that case, it was held, that one whose name had been forged to a forthcoming bond which had been returned forfeited, could be relieved in chancery against the statute judgment entered upon the forfeiture. This case involves the precise principle which must govern the case at bar, and which may be thus stated : when by an unauthorized act of an officer of court, a judgment is improperly rendered against one, without his knowledge or consent, he may be relieved in chancery, though the plaintiff in the judgment was not privy to the act of the officer. That is this case, and therefore without further comment, we proceed to consider, whether the bill is in other respects correct, for it is not sufficient to alledge the improper conduct of the officer, but it must also be shown that injury has resulted from this misconduct.

The suit at law in this case, was against the complainant, as the drawer of a bill of exchange, by the holder, the acceptor having refused payment. The defence which the complainant relies on, is, that he was not notified of the dishonor of the bill, and supposed that it was paid, until he learned of the existence of the judgment against him. The allegations of the bill, on this point, are, " that he did not consider himself liable, as he had never re-

ceived notice of the protest of said bill, and did not know there was any intention to render him liable, until after said judgment had been rendered against him." Again, he states, " that he had a good defence to said bill of exchange ; that he never did receive any notice that said bill of exchange had been protested for non-payment, but on the contrary thereof he believed, after the said bill had fallen due, that the Selma and Tennessee Rail Road Company had paid said bill of exchange, which it was in duty bound to do," &c.

It is very clear, that the ability of the complainant to defend himself at law, did not depend upon the fact whether he had, or had not received the notice. The bill was payable at the Bank of Mobile ; the complainant, it appears from the judgment, resided in Dallas county, and if notice of the dishonor of the bill, was, in point of fact, and in due time, according to law, transmitted to him by mail, his liability on the bill would have been fixed, though it had been in his power to have proved that he never received it. It is therefore not shown upon the bill, that the judgment is unjust, and if he was liable upon the bill of exchange, it is wholly unimportant in this proceeding, whether he had notice that the suit was pending against him, or not.

It does not vary the case, that if the allegation had been made that due notice of the dishonor of the bill was not given, the proof would have been with the defendant. It was a necessary allegation, because without it, there is no equity in the bill ; as it must appear by an affirmative allegation, that the demand upon which the judgment is founded has no legal validity. If from the nature of the case he could not positively alledge it, as of his own knowledge, he should have stated the fact to be so according to his information and belief. It is perfectly consistent with every allegation in the bill, that the complainant knew that his liability had been fixed by due notice.

This question was considered in the case of Carpenter v. Devon, [6 Ala. 718,] where it was held, that negative allegations when necessary to establish a right, must be made in equity, as well as in pleading at law, and that a party averring the non-existence of a fact, will not always be bound to support the allegation by testimony.

This conclusion renders it unnecessary to examine the other

questions made in the cause, as they will not probably arise again.

Let the decree of the chancellor be reversed, and as this question was not made in the Court below, the defendant having failed to appear, the cause will be remanded, that the complainant may, if he thinks proper, obtain leave to amend his bill.