[Jefferson County Savings Bank v. McDermott et al.]

$$\boxed{\begin{array}{cc} 99 & 79 \\ 136 & 29 \end{array}}$$

# Jefferson County Savings Bank v. McDermott *et al.*

### *Motion to Amend Return of Sheriff.*

1. *Officer's liability for false return.*—If an officer's return is impeached, and the attack is sustained, he is liable in damages to the party who may have been injured by such false return.

2. *Sheriff a necessary party.*—On a motion to amend a sheriff's return, so as to show a different date of service from that certified, the sheriff is a necessary party.

3. *Priority of lien by service of process.*—When process, in an action by creditors to set aside as fraudulent a sale of a stock of goods, is served prior to the levy of defendant's attachment, the attachment lien is subordinate to the lien of the process.

APPEAL from City Court of Birmingham, sitting in equity. Heard before the Hon. H. A. SHARPE.

The bill in this case was filed by the appellees against B. F. Eborn and the Jefferson County Savings Bank; and sought to set aside, as fraudulent, a sale of a stock of goods. It was averred in said bill that the defendant Eborn, after borrowing money of the Jefferson County Savings Bank, gave a bill of sale as security, but was left in possession and permitted to sell at retail and dispose of the proceeds ; that on September 15, 1886, said defendant, B. F. Eborn, sold or attempted to sell to his mother, Mrs. Bettie Eborn, the greater portion of his goods, and that on the same day the defendant, the Jefferson County Savings Bank, caused to be issued a writ of detinue under which the sheriff took possession of said goods attempted to be sold to Mrs. Eborn, and all the other goods belonging to the defendant B. F. Eborn ; and that on September 22, 1886, the Jefferson County Savings Bank dismissed their detinue suit, and attached said goods. The original bill in the present case was filed on September 15, 1886 ; and the return of the sheriff shows that the service of process in the present suit was executed on the Jefferson County Savings Bank and B. F. Eborn on September 15, 1886. The complainants became creditors of Eborn subsequent to the execution of said bill of sale to the Jefferson County Savings Bank, as first made on May 30th, 1886 ; and the City Court of Birmingham rendered a decree dismissing complainant's bill on the ground that said bill of sale was not void as to subsequent creditors. On

[Jefferson County Savings Bank v. McDermott et al.]

appeal to this court, it was held that said bill was void as to subsequent as well as existing creditors ; and the decree of the Chancery Court was reversed, and the cause remanded. It was shown on said appeal that there was a motion on the docket of the lower court, at the time the appeal was taken, to amend the sheriff's return, so as to show the service of process on the defendant was after the levy of the Jefferson County Savings Bank's writ of attachment on said goods, which motion was not acted upon by the lower court. The Supreme Court, in reversing the cause, said : "That the motion having been made to have the return of the sheriff amended so as to show the priority of the levy of the attachment, and this motion not having been acted upon, we reverse the decree and remand the cause, in order that some action may be taken on it." After this reversal, the cause coming up again to be heard in the City Court of Birmingham, the Jefferson County Savings Bank filed an answer in the nature of a cross-bill, to have the sheriff's return amended so as to show the priority of the lien of the defendant's attachment, and it also filed motions to so amend the sheriff's return. The complainants filed a motion to dismiss the cross-bill, and demurred thereto, and also to the motion to amend the sheriff's return. The grounds of these demurrers were substantially as follows :

1st. The proper remedy for defendant is an action against the sheriff and his sureties. 2d. A party to the suit has no right to ask the court to amend the sheriff's return ; but if the return is false, the sheriff can ask leave of the court to amend it. 3d. Neither the motion nor cross-bill seeks to cause the sheriff to amend his return, but asks the court to amend it. 4th. Because the sheriff is not made a party to the proceedings which seek to have his return amended. 5th. Because the motion and cross-bill both show that the sheriff was dead at the time of said motion, and the effort to amend his return is made too late.

The complainants' demurrers were sustained. The cause then being submitted on the pleadings and proof, a decree was rendered in favor of the complainants. Defendants prosecute this appeal, and assign as error the various rulings of the lower court.

W. C. WARD, and E. K. CAMPBELL, for appellant.

MOUNTJOY & TOMLINSON, contra.

XCIX.

[Jefferson County Savings Bank v. McDermott et al.]

WALKER, J.—When this case was here on a former appeal, it was decided that the bill of sale to the Jefferson County Savings Bank was fraudulent and void as against the complainants, and that if the process in this suit was served on the defendants prior to the levy of the attachment sued out by the bank against Eborn, then the lien of the complainants would be superior to that of the bank. No disposition having been made by the trial court of the motion which had been made for the amendment of the sheriff's return of the process in this case, so as to show a priority in the levy of the attachment, the cause was remanded, in order that some action might be taken on that motion.—*McDermott v. Eborn*, 90 Ala. 258. After the remandment of the cause, the defendant bank amended its motion to set aside and correct the sheriff's return on the process in this case, and alleged in the amended motion that the sheriff, whose return was sought to be corrected, was then dead. The same relief as to the correction of the return indorsed on the process was also sought by a cross bill interposed by the bank. The complainants' demurrers to the amended motion and to the cross-bill were sustained. That action of the trial court is now assigned as error.

The practice in the courts of this State of granting leave to a sheriff to amend his return of process, so that it may conform to the facts, is well established and is approved.—*Wilson v. Strobach*, 59 Ala. 488; *Daniels v. Hamilton*, 52 Ala. 105; 3 Brick. Dig., 745; 2 *Ib.*, 456. A different question is presented when it is sought to compel the sheriff to change his return as to a matter of fact, or to have the court to substitute its finding as to the facts of the service of process in the place of the officer's return. When the officer does not consent to the proposed correction, and the application is contested, a separate issue is presented for trial. It seems that the courts have regarded it as a matter of necessity to give credence to the official return of the service of process, in order to avoid the embarrassments of turning aside to try such collateral issues; and that a party who has been injured by a false return can not dispute it in that case, but must seek redress by proceedings against the officer.—*Brown v. Turner*, 11 Ala. 752; *Crafts v. Dexter*, 8 Ala. 767; *Martin v. Barney*, 20 Ala. 369; *Boas v. Updegrove*, 5 Pa. St. 516, s. c.; 4 Am. Dec. 425; *Vastine v. Fury*, 2 Serg. & Raw. 426; *Bolles v. Bowen*, 45 N. H. 124; 2 Freeman on Executions, §§ 358–369; Murphree on Sheriffs, § 868. It is not necessary to determine whether or not such absolutely conclusive effect must always be accorded to a sheriff's return in the

6

case in which it is made; for, without deciding that question, the action of the City Court in refusing to disturb the return in this case may be sustained. By whatever procedure a return is impeached, if the attack against it is sustained, the result is to render the officer who made it liable in damages to the party who may have suffered injury in consequence of its falsity. In the present case, for instance, if it is a fact that the process was not served on the defendants until after the service of the writ of attachment sued out by the bank, the sheriff would be liable to the bank for any injury resulting to it from the falsity of the return; and, if the correction is made in this case, he might also be liable to the complainants for the failure to serve their process with proper diligence. The issue presented was one in which the sheriff was materially interested. He was a necessary party to any proceeding for the determination of the question. He was dead when the amended motion and the cross-bill were filed and submitted. His representative was not brought into the case. The controversy sought to be presented could not have been settled because of the absence of an indispensable party. The grounds of demurrer addressed to this defect in the amended motion and in the cross-bill should have been sustained.—*Brooks v. Harrison*, 2 Ala. 209; 3 Brick. Dig., p. 368. If the sheriff, or his personal representative, could not have been made a party to the proceedings for the purpose of trying the question of the truth or falsity of the return, then that consideration alone would support the conclusion, that the issue is one not determinable in this cause; for that can not be a proper method of procedure from which must be omitted a necessary party to the question to be settled. It is unnecessary to determine whether or not the personal representative of the sheriff could have been made a party to the proceeding so as to be bound by the result thereof. The fact in this case that a necessary party was not before the court suffices to support the ruling on the demurrers pointing out that defect.

The contention of the complainants was that they were entitled to have the debts due to them from Eborn paid out of property which, it was alleged, was claimed by the bank. The bank at first claimed that property under the bill of sale, and, afterwards, claimed a prior lien by virtue of its writ of attachment. The former claim has been disallowed as fraudulent. The latter claim is subordinate to the lien in favor of the complainants, for, according to the sheriff's return which has not been amended or set aside, the at-

[Kennedy v. Smith.]

tachment was not sued out until after the process in this case was served on the defendants. But it appears from the answer of the bank to the bill as amended that the property in question has been sold under its writ of attachment, and that it has received, as proceeds of the sale, an amount greater than the aggregate of the complainants' claims. There being in this case no claimant to that property, or the proceeds of its sale, besides the complainants and the bank, and it having been clearly ascertained that the complainants were entitled to priority, and that the bank was chargeable with more than enough to satisfy their debts, there was no necessity of a reference to the register to state an account of the amount with which the bank was chargeable, or to calculate the interest on the complainants' demands. The bank admitted that its receipts from the sale amounted to more than the complainants' demands. No further inquiry on this subject was necessary. The simple computation of interest was properly made by the judge himself without a reference.—3 Brick. Dig., p. 396, § 476, *et seq.*

The other questions sought to be raised by the assignment of errors are concluded by the decision on the former appeal. We have discovered no reason to disturb that determination.

Affirmed.