# Jennings v. Pearce.

### *Motion to Vacate and Annul a Judgment.*

1. *Notice of motion to vacate a judgment; when sufficient.*—Where a motion to set aside and annul a judgment against a defendant is spread upon the motion docket of the court wherein the judgment was recovered, is properly signed by counsel for movant, and addressed to the attorneys of record for the plaintiff, and when the motion is called for trial the said attorneys for plaintiff appear for the purpose of resisting action thereon at that time, on the ground that no written notice of the motion had been served upon them or their client, no further notice to the plaintiff or his attorneys is necessary ; the appearance of the latter, even for the purpose of resisting action on said motion, showing sufficient notice of the pendency thereof.

2. *Judgment by default against non-resident; when properly set aside.*— When, in an action against a non-resident, there has been no personal service of notice of the suit made upon him, no appearance entered for him, no property of his held under an attachment levy, and no indebtedness to him, no property, or effects of his ascertained and fixed in the hands of a garnishee, the court never acquired jurisdiction of the person and property of such defendant, so as to authorize a judgment by default against him ; and upon proper motion, seasonably made, the court must set aside and vacate such judgment.

APPEAL from the City Court of Montgomery.
TRIED before the Hon. THOMAS M. ARRINGTON.

This is an appeal from the judgment of the city court
VOL. 101.

granting a motion to set aside and vacate the judgment of said court, which was rendered against the movant at a former term.

The facts of the case are sufficiently stated in the opinion.

RICHARDSON & REESE, for appellants.

ARRINGTON & GRAHAM, contra.

STONE, C. J.—This was a motion to vacate and annul a judgment for money, rendered at a previous term in favor of Thomas W. Jennings against Henry Pearce. Jennings had assigned the claim to his counsel, who had brought the suit and recovered the judgment. The judgment was recovered in February, 1892, and the motion to set it aside was entered on the motion docket of the city court in September, 1892. The motion was signed by counsel for the movant, stating they appeared for the purpose of making the motion. It was addressed on the docket to R—& R—, att'ys for Thomas W. Jennings. This is the firm name of the attorneys who had brought the suit and recovered the judgment, and to whom the claim had been assigned. The motion was called for trial in February, 1893. R—& R—appeared for the purpose of resisting action on the motion at that time, on the ground that no written notice of the motion had been served on them, or on Jennings, their client. They stated no other reason why the motion should not be heard at that time. The court overruled the objection, and they excepted.

The purpose of notice is to give information of intended action, and to inform the opposing party, so he will not be taken by surprise. And notice to counsel of record is equivalent to notice to the party himself.—Code of 1886, § 2736; 3 Brick. Dig., 712, § 37. When there is an appearance, either by a party or his counsel, this is evidence that such party had knowledge of the action proposed to be taken. When present, and having attention directed to the subject, if not prepared for trial, a motion for delay in order to make preparation would be proper, and would doubtless be entertained. No motion of the kind was made in this case. It would seem there could not have been a want of preparation when the pres-

ent motion was tried. Its merits and fate depended, not on oral testimony, but on records and papers pertaining to the cause, which were of file in the court. These records and papers were accessible to either party, and were in fact used to their utmost capacity on the trial of the motion. This is shown by the bill of exceptions reserved by appellant, and made a part of the record before us. The motion was tried on its merits, every inch of ground being contested, and reserved for revision in this court. The city court did not err in holding that further notice of the motion was not necessary.

The suit in this case was commenced by original attachment in favor of Jennings against Henry Pearce, sworn to be a non-resident of Alabama. No personal service was ever made on him, and no plea was ever interposed for him, or appearance entered, save the special appearance in September, 1892, entered for the purpose of setting aside and vacating the judgment by default which had been rendered in February preceding. The attachment proceedings were and are regular in form, conforming to our statute. This attachment was levied on personal property; but a doubt arising whether the property belonged to Henry Pearce, the defendant, the sheriff demanded an indemnifying bond. The bond not being given he discharged the levy. So, this levy, as a factor in the present controversy, is eliminated. There remains no constructive service by levy on property.

Chandler was summoned as a garnishee and answered. He denied all indebtedness to Henry Pearce, the defendant, but admitted said Henry Pearce had placed in his possession certain personal property, which he still held; but claimed a lien upon it for its support and preservation. He also set forth that he had received notice that said property was claimed by one Hollis Pearce to be his own proper goods. Thereupon, on the motion of plaintiff, Jennings, notice was issued and served on Hollis Pearce under the statute ; and being brought in, an issue was made up "to contest with plaintiff the right to such * effects."—Code of 1886, § 2984, *et seq.* That issue had not been tried or determined, but was still pending when this motion was made and passed on. Another garnishee had been summoned, but he had neither answered, nor had judgment been rendered against him for want of an answer.—Code, § 2980.

It is thus shown that when the judgment was rendered against Henry Peace, February, 1892, and even when this motion was tried, February, 1893, no personal service of notice of the suit had been made upon him, no appearance had been entered for him, no property of his was under attachment levy, and neither indebtednes to him, nor property, nor effects of his had been ascertained and fixed in the hands of a garnishee. When garnishment is the only means relied on as effecting constructive notice of the suit to a defendant in attachment, and as bringing him within the power and jurisdiction of the court, it is indispensable that indebtedness of the garnishee to such defendant in attachment be ascertained, or that there be traced to the garnishee's possession property or effects which belong to the defendant in attachment. Neither of these methods of giving notice having been carried into successful effect, the city court never acquired jurisdiction of the person or property of Henry Pearce, so as to authorize a judgment to be rendered against him. The city court did not err in setting aside and vacating the judgment against him.—*Lamar v. Comrs. Ct.*, 21 Ala. 772; *Lamar v. Gunter*, 39 Ala. 324; *Lewis v. Allred*, 57 Ala. 628; 2 Freeman on Judgments, § 495; *Stubbs v. Leavitt*, 30 Ala. 352; 12 Amer. & Eng. Encyc. of Law, p. 126 and notes on p. 128; *Pettus v. McClannahan*, 52 Ala. 55; 5 Amer. & Eng. Encyc. of Law, pp. 146–7, and note.

The result of this decision is, to leave the case of Jennings v. Henry Pearce still open and undisposed of on the docket of the city court, to await the result of the garnishments.

Affirmed.