[Soulard v. Vacuum Oil Company.]

# Soulard v. Vacuum Oil Company.

*Application to Vacate Judgment Rendered in an Attachment.*
*Suit.*

1. *Setting aside judgment after expiration of term.*—The court render-ing a judgment by default in a case where the service was by attach-ment of property is without power to vacate such judgment at a sub-sequent term, on a showing, by the affidavit of defendant's attorney, that the property attached is not, and has never been, the property of the defendant.

2. *Judgment by default on service by attachment of property; effect of.*— A judgment by default rendered in a case where the service was by attachment of property is of no force or effect against the defendant, except in respect of his interest in the property upon which the at-tachment was levied.

APPEAL from the City Court of Bridgeport.

Tried before the Hon. WILLIAM L. STEPHENS.

The appellee, the Vacuum Oil Company, a New York corporation, brought this action against the appellant, A. L. Soulard, by attachment, on the ground that the defendant was a non-resident, and had not sufficient property in the State of his residence to pay the debt al-leged to be due the plaintiff. The writ of attachment was levied upon certain lots in the City of Bridgeport, as stated in the return of the sheriff, "for the want of personal property." The attachment was issued Octo-ber 4, 1893, and levied October 5, 1893. On December 11, 1893, judgment by default was rendered against the defendant, and the property levied upon was condemned to the satisfaction of the judgment; the entry reciting the issue and levy of the attachment, the filing of the complaint as required by law, and "service on the de-fendant of the issuance and levy of the attachments be-ing duly proven by the testimony of the deputy clerk of this court." At the next term of the City Court, on February 20, 1894, the defendant, appearing specially for the purpose, moved the court to set aside and vacate the judgment rendered at the former term, on the ground that said judgment was void, because the court had no

jurisdiction of the person or property of said defendant at the time the judgment was rendered. On the hearing of the motion, the defendant offered in evidence an affidavit of his attorney, which had been filed with the motion, in which the affiant stated that the lots levied upon "are not now, nor have they ever been, the property of A. L. Soulard, the above named defendant." The plaintiff objected to the introduction of said affidavit as evidence, on the ground that it was matter of proof outside of the record. The court sustained this objection, and to this ruling the defendant duly excepted. Thereupon the court overruled the motion to set aside the judgment rendered at the previous term, and to this ruling the defendant duly excepted. The defendant appeals, and assigns as error the rulings of the court above mentioned.

GEORGE N. MESSITER, for the appellant, cited *Lamar v. Gunter*, 39 Ala. 324.; *Goodman v. Winter*, 64 Ala. 410 ; *Mayor v. Keith*, 13 So. Rep. 500 ; *Jennings v. Pearce*, 14 So. Rep. 319 ; *Buchanan v. Thomoson*, 70 Ala. 401.

No counsel marked as appearing for the appellee.

McCLELLAN, J.—The judgment by default rendered in this case is in the usual and approved form of entry where the service is by attachment of property. It is valid upon its face. And it is the universal rule, thoroughly established in this State, that the court rendering such a judgment is without power to vacate it at a subsequent term upon affirmative considerations not shown by the record of the cause, as, for instance, upon the affidavit of defendant's attorney that the property attached is not and has never been the property of the defendant.—2 Brick. Dig. p. 140 ; 3 Brick. Dig. p.584; *Carlisle v. Killebrew*, 91 Ala. 351. This judgment, however, is of no force or effect against the defendant, except in respect of his interest in the property upon which the attachment was levied.—*Exchange Bank of Spokane v. Clement, ante, p.* 270.

We see no reason for taking the case out of the general rule ; and the order of the City Court overruling defendant's motion to vacate the judgment rendered

[Mayor and Council of City of Decatur v. White.]

against him on facts *de hors* the record must be affirmed.