# White v. Simpson *et al.*

### *Bill to Enforce Vendor's Lien.*

1. *Presumptions in support of judgment of court of general jurisdiction.*—When the judgment of a court of general jurisdiction is drawn in question upon collateral attack, every reasonable presumption will be indulged to support its jurisdiction and sustain the validity of the judgment. In such attacks matters *de hors* the record cannot be considered for the purpose of impeaching its validity. Mere errors or irregularities occurring in the course of the proceedings do not affect the validity of such judgment. Nor does the silence of its records create a presumption of a want of jurisdiction. It is only from matter appearing in the judgment, or from the face of the record showing a want of jurisdiction that such judgments are declared void when collaterally drawn in question.

2. *Attachment; when notice to defendant presumed properly given.* In suits commenced by attachment notice to the defendant by publication, § 2936, Code 1886, may be given as well when he becomes a non-resident after suit brought as where he is a non-resident at its commencement. And where the judgment of a court of general jurisdiction recites that due and legal notice was given to the defendant by publication it will be presumed in support of the jurisdiction of the Court and of the validity of the judgment rendered, that at the time the publication was made the defendant was a non-resident.

APPEAL from Anniston City Court.
Heard before Hon. JAMES W. LAPSLEY.
The facts are set out in the opinion.

BLACKWELL & KEITH and GEO. D. MOTLEY, for appellants, cited, *Dollins v. Pollock*, 89 Ala. 351; *Wyman v. Campbell*, 6 Port. 219; *Exchange Nat. Bank v. Clements*, 109 Ala. 270; *Pettus v. McClannahan*, 52 Ala. 55; *Hamner v. Mason*, 24 Ala. 480; *Gandy v. State*, 86 Ala. 20.

D. D. McLEOD and R. B. KELLY, *contra.*—A statutory power conferred on a court of general jurisdiction is limited and special, and in its exercise its jurisdiction

[White v. Simpson *et al.*]

must appear on the face of the record.—*Foster v. Geay-ner*, 27 Ala. 397; *Gunn v. Howell*, 27 Ala. 663; *Lamar v. Gunter*, 39 Ala. 324. (2). No presumption in favor of a court of general jurisdiction if it is apparent on the record that the court did not have jurisdiction.—*Kahn v. Leberman*, 95 Ala. 478; *Dozier v. Joyce*, 8 Port. 312; *Slaughter v. Cunningham*, 24 Ala. 296.

DOWDELL, J.—The purpose of the bill in this case is the enforcement of the vendor's lien against the land described in said bill. The substantial facts set forth in the bill may be stated as follows: L. V. White and E. S. White, his wife, in March, 1890, sold to defendant, J. L. Simpson, a house and lot in the city of Anniston, Ala., for which he paid $500 in cash, and gave his two notes for $1,000 each for the balance, payable in one and two years after date. On the 11th of October, 1890, complainant, E. F. White, who held two waive notes made by said L. V. and E. S. White, aggregating $572, sued out an attachment in the city court of Anniston on said notes, and on the 16th day of October, 1890, said attachment was levied by summoning J. L. Simpson as garnishee. On the 11th day of November, 1890, said Simpson filed his answer as garnishee, denying his indebtedness to E. S. White, but admitting sufficient indebtedness to L. V. White on account of the notes aforesaid, to cover the claim of E. F. White. On the 6th day of June, 1892, judgment was entered in favor of said E. F. White against L. V. and E. S. White for $707.77, and an additional sum of $20.25 costs of suit, and on the same day judgment was rendered for said amounts in favor of said E. F. White against said Simpson as such garnishee. Execution was issued on this judgment on the 16th day of June, 1892, against Simpson, and returned on September 29th, 1892, "no property found." L. V. White and E. S. White and J. L. Simpson were made respondents to complainant's bill. Each of said defendants filed answers and cross-bills in which they severally set up that the judgment rendered in said attachment suit against said L. V. and E. S. White was null and void, because no notice of said attachment had been served on said parties as required by section 2937

of the Code of 1886. Upon the submission of the cause, on the motion and demurrers of complainant, the cross-bills of L. V. and E. S. White were dismissed for want of equity, and from this decree no appeal was ever prose-cuted. Upon the hearing on J. L. Simpson's cross-bill, the court held that at the time of the suing out of the attachment of E. F. White against L. V. and E. S. White, said defendants were residents and entitled to notice under section 2937 of the Code of 1886, and that not having received such notice, said judgment so ren-dered against them was null and void, and of conse-quence that the judgment against said Simpson was likewise null and void. From this decree complainant in the bill prosecutes the appeal.

It will be observed from the foregoing statement, that the only question involved is, whether the judgment against Simpson rendered in the attachment suit, is void, and this depends upon the validity of the judg-ment against the defendants, L. V. and E. S. White in said suit. The court in which said judgments in attach ment were rendered, is a court of general jurisdiction, and the attack which is now made on said judgments is collateral.

The following propositions of law are too well set-tled to require citation of authority, and indeed may be said to have become elementary. When the judgment of a court of general jurisdiction is drawn in question upon collateral attack, every reasonable presumption will be indulged to support its jurisdiction and sustain the validity of the judgment. In such attacks, matters *de hors* the record cannot be considered for the purpose of impeaching its validity. Mere errors or irregulari-ties occurring in the course of the proceedings do not affect the validity of such judgment. Nor does the silence of its records create a presumption of a want of jurisdiction. It is only from matter appearing in the judgment or on the face of the record showing a want of jurisdiction, that such judgments are declared void when collaterally drawn in question.

On the former appeal in this case, the validity of the judgment of June 6th, 1892, against L. V. and E. S. White was then held sufficient by this court to sustain

the judgment against the garnishee, Simpson, although on error it would have been reversed in failing to recite that notice of the attachment and levy had been made in the mode and for the length of time prescribed by the statute.—*White et al. v. Simpson,* 107 Ala. 392. See also *Soulard v. Vacuum Oil Co.,* 109 Ala. 387. This judgment against the defendants Whites in attachment stands unsatisfied and unreversed.

The theory upon which the chancellor decided that the judgment against the defendants in attachment was void, as shown in his opinion filed in the cause in connection with the decree rendered, was, that the affidavit upon which the attachment was sued out alleged as a ground of the attachment, "that the defendants were about to remove out of the State," and that this allegation in the affidavit showed that the defendants were, at the time of the suing out of the attachment, residents of the State, and were therefore entitled to personal notice as provided by section 2937 of the Code of 1886. The judgment in question recites, "Came the plaintiff by attorney, and due and legal notice to defendants by publication having been proven, and said defendants having been duly summoned and called, came not but made default etc." This judgment was rendered on June 6, 1892, more than a year and a half after the suing out of the attachment. The record is silent as to the time when the publication was made. So far as the record discloses—and it is only to the record that we can look—the defendants may have been non-residents at the time of publication of notice and of the rendition of the judgment. If defendants were residents at the time the attachment was sued out, and became non-resiednts before notice was given them, it was proper to give the notice by publication. Section 2936 of the Code of 1886 applies as well where the defendant becomes a non-resident after the suit is begun as where it is sued out on the ground of non-residence.—*Dollins v. Pollock,* 89 Ala. 351. In support of the jurisdiction of the court and of the validity of the judgment rendered, the record being silent upon the question, we think it not an unreasonable presumption to be indulged, that at the time publication of notice was made, the defendants in at-

[Wetumpka Bridge Co. *et al.* v. Kidd, Extr., &c.]

tachment were non-residents. To hold otherwise would be contrary to the doctrine, that when judgments of courts of general jurisdiction are drawn in question upon collateral attacks, every reasonable intendment will be indulged to support the jurisdiction of the court, and the validity of its judgment. We are of the opinion that the court erred in holding the judgment null and void. The decree of the court is reversed and the cause remanded.