(86 South. 1)

Ex parte BRICKELL, Judge. (6 Div. 16.)

(Supreme Court of Alabama. June 26, 1920. On Rehearing, June 30, 1920.)

1. **Judgment ⬤⟹299(1), 342(1)—No alteration or vacation by court after term.**

When the record shows due service of process or notice, and a judgment rendered is not void on its face, the court which rendered it cannot, after the lapse of the term, alter or vacate it on the motion of either of the parties; the only remedy then available being a petition for a rehearing under the provisions of Code 1907, §§ 5371–5376, or by bill in chancery.

2. **Audita querela ⬤⟹1—Writ now abandoned.**

The common-law writ of audita querela, if it was ever in use in the state, was long since abandoned, and the writ of supersedeas is now used in its stead.

3. **Supersedeas ⬤⟹1 — Substitute for bill in chancery to discharge judgment.**

The writ of supersedeas, though a common-law writ, has been regarded as a substitute for a bill in chancery, where matter not apparent of record is set up as a discharge, either legal or equitable, of the judgment sought to be enforced.

4. **Supersedeas ⬤⟹3—No inquiry into matters behind judgment.**

That which forms the ground of relief on supersedeas must either rest on facts occurring subsequent to the decree or judgment, such as satisfaction, or, if it relates to antecedent facts, must show fraud in the decree, or want of jurisdiction in the court, apparent on the face of the record.

5. **Costs ⬤⟹216—No retaxing of costs against party without consent after adjournment of term.**

Court may retax costs after the lapse of the term, so as to relieve a party of costs erroneously or wrongfully taxed against him, but cannot affirmatively tax costs against the other party after a general judgment in his favor for costs.

Certiorari to Court of Appeals.

Petition by Robert C. Brickell, as Judge of the Eighth Judicial Circuit, for certiorari to the Court of Appeals to review and revise the judgment and decision of said court rendered in the mandamus proceeding of W. A. Gunter v. Robert C. Brickell, as Judge. Writ denied.

On an original petition for mandamus the Court of Appeals granted the writ, commanding the judge of the Eighth judicial circuit to supersede a judgment for costs rendered against him in the circuit court of Cullman county, and · to enter an order staying execution thereon, pending petitioner's motion to vacate and annul such judgment. It appears that a judgment for a debt and costs was rendered in said court in favor of Gunter & Gunter against the administratrix of the estate of J. Pollock in September, 1909, and that after the adjournment of the court the defendant made a motion to retax the costs; that notice · thereof was issued, and was returned by the sheriff as executed by service thereof on petitioner, but that the return was false, and petitioner had no notice in fact of said proceedings; that upon his apparent default the court proceeded upon said motion, and retaxed the costs in said cause, by rendering judgment against the plaintiffs therein for a large part of the cost—$200 or more; that seasonably upon the discovery. thereof, but after the adjournment of the term, petitioner filed his motion to vacate and annul the judgment retaxing cost and for a stay of execution thereon, pending the hearing of said motion. This latter motion being overruled, petitioner applied to the Court of Appeals for a mandamus.

Callahan & Harris, of Decatur, for appellant.

The court will not go behind a judgment and vacate it. 178 Ala. 420, 59 South. 493; 45 Ala. 81; 21 Ala. 491; 95 Ala. 478, 12 South. 577; 77 Ala. 612; 109 Ala. 388, 19 South. 414. The judgment retaxing costs was not void. 3 Port. 335.

W. A. Gunter, of Montgomery, for appellee.

You cannot bind a citizen by judgment who has never had his day in court. 95 U. S. 714, 24 L. E. 565; 18 Wall. 457, 21 L. Ed. 897. These cases also hold that relief can be had in the manner sought. Black on Judgments, §§ 221, 222; 18 Wall. 350, 21 L. Ed. 959.

SOMERVILLE, J. [1] When the record shows due service of process or notice, and

the judgment rendered is not void on its face, the court which rendered the judgment cannot, after the lapse of the term, either alter or vacate the judgment on the motion of either of the parties. The only remedy then available is a petition for rehearing under the provisions of the Code (sections 5371–5376), or by bill in chancery. This proposition is too well settled to permit of further controversy. Pettus v. McClannahan, 52 Ala. 55; Buchanan v. Thomason, 70 Ala. 401; Kohn v. Haas, 95 Ala. 479, 12 South. 577; Sweeney v. Tritsch, 151 Ala. 242, 44 South. 184; Holloway v. Washington, 3 Ala. 668; Ex parte Ala. F. & I. Co., 193 Ala. 496, 69 South. 115; Givens v. Tidmore, 8 Ala. 745; Hauser v. Foley & Co., 190 Ala. 437, 67 South. 252; Murphree v. Whitley, 70 Ala. 554; Dunklin v. Wilson, 64 Ala. 162; Max J. Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 South. 341.

[2] The common-law writ of audita querela, if it was ever in use in this state, was long since abandoned, and the writ of supersedeas is now used in its stead. Lockhart v. McElroy, 4 Ala. 573; Moore v. Bell, 13 Ala. 459; Branch Bk. v. Coleman, 20 Ala. 140, 146; Marshall v. Caudler, 21 Ala. 490; Thompson v. Lassiter, 86 Ala. 539, 6 South. 33.

[3] The writ of supersedeas, though a common-law writ, has been regarded as a substitute for a bill in chancery, where matter not apparent of record is set up as a discharge, either legal or equitable, of the judgment sought to be enforced. Branch Bk. v. Coleman, 20 Ala. 140; Lockhart v. McElroy, 4 Ala. 573; Henderson v. P. & M. Bank, 178 Ala. 420, 59 South. 493. It is the contention of petitioner in this case that his petition to supersede the execution is in effect a bill in chancery and should be treated as such. This contention, however, cannot be sustained, in view of the restricted scope of the writ of supersedeas as defined by this court. In Thompson v. Lassiter, 86 Ala. 536, 6 South. 33 (quoted with approval in Henderson v. P. & M. Bank, 178 Ala. 420, 59 South. 493), it was said:

"In our practice, the proceeding by supersedeas is substituted for the writ, and generally will lie in the cases in which a writ of audita querela would lie at common law. Matter which operates an equitable satisfaction of a judgment may be inquired into by this proceeding, and an execution issued to enforce the judgment may be superseded and vacated; but *matters which go behind the judgment cannot be inquired into*." (Italics supplied.)

In Gravett v. Malone, 54 Ala. 19, it was said:

"That which forms the ground of relief on supersedeas must either rest on facts occurring subsequent to the decree, such as satisfaction, or, if it relates to antecedent facts, must show fraud in the decree, or want of jurisdiction in the court, *apparent on the face of the record*, or a denial of the relation which authorizes execution." (Italics supplied.)

In Marshall v. Caudler, 21 Ala. 490, it was said that—

"Neither the old writ of audita querela, nor our writ of supersedeas, which is used as its substitute, has ever been allowed to extend to matters arising anterior to the judgment."

[4] While conceding this limitation as a general rule, it is assumed by the Court of Appeals that it has no application to judgments sought to be impeached for want of jurisdiction of the person of the defendant. This assumption is correct as to want of jurisdiction apparent upon the face of the record; but it is erroneous as to want of jurisdiction which can be shown only by going behind the record and impeaching it by evidence dehors. All of our decisions above recited are clear to this result.

[5] But there is another consideration upon which the action of the Court of Appeals in granting the writ of mandamus, requiring the circuit judge to enter a supersedeas, must be sustained. The petition shows that the order and judgment of the circuit court, retaxing the costs in Gunter v. Pollock, was made after the adjournment of the term at which the original judgment in favor of Gunter, for the debt and all costs of suit, was rendered, and without any consent thereto by the plaintiff. No doubt this was done upon the theory that for the purpose of retaxation of costs a cause remains in fieri for at least a reasonable time, even after the lapse of the term. It was so ruled in the early case of Briley v. Hodges, 3 Port. 335, and the practice has never been disapproved, so far as we are advised, and was expressly approved in Lockwood v. Thompson & Buchmann, 198 Ala. 295, 73 South. 504.

But the practice of retaxation to relieve a party from costs which are erroneously or wrongfully taxed against him by the clerk under a general judgment for costs in favor of the other party is a radically different proposition from the affirmative taxation of such costs, or a part of them, against the other party. In Noland v. Lock, 16 Ala. 52, it was said:

"A motion to retax the cost of a suit is simply a motion to correct the ministerial act of the clerk, or officer whose duty it is to tax the cost; but here the defendant in error did not move to have any mistake of the clerk corrected in taxing the cost, but by his motion he asked the court to alter the judgment for cost, and to render judgment against the other party; in one word, he asked the court to release him from the cost altogether, although judgment for the cost had been rendered against him, and to impose it on his adversary. Instead of being a motion to retax cost for a mistake of the clerk, it clearly is a motion to alter the final

judgment that had been rendered at a previous term, which cannot be done."

The principle of this decision was reaffirmed in Gibson v. Wilson, 18 Ala. 63, where half of the costs were shifted from the defendant to the plaintiff; the court observing:

"It is not necessary to examine the facts of this case, for the purpose of ascertaining whether it was discretionary with the county judge to render judgment against the plaintiff for all or any part of the costs, or whether it was his duty to do so; for it is certain that, at the term of the court when the suit was tried, judgment was rendered against the defendant for all the costs, and, whether right or wrong, it could not be altered at a subsequent term."

And in the case of Harris v. Billingsley, 18 Ala. 438, after citing those two cases with approval, the court said:

"These authorities show that the orphans' court erred in attempting to render the judgment for costs against the plaintiffs in error, at a term subsequent to the final judgment."

Other courts have announced the same rule. Archer v. Cole (Tex. Civ. App.) 157 S. W. 1183; Smith v. Bartlett, 78 Neb. 359, 110 N. W. 991; 15 Corp. Jur. 188, § 451. The judgment for costs entered against petitioner being unauthorized and void, for the reason just above stated, he is entitled to a supersedeas of the execution issued thereon, and the mandate of the Court of Appeals must be affirmed.

We are not to be understood as holding that the judgment on the motion was unauthorized and void in so far as it relieved the defendant of any of the costs originally taxed against her, for that part of the judgment was within the power of the court, even after the lapse of the original term. Writ denied.

ANDERSON, C. J., and McCLELLAN, SAYRE, GARDNER, and THOMAS, JJ., concur.

BROWN, J., not sitting.

On Rehearing.

SOMERVILLE, J. The record does not show what items of costs were retaxed by the trial court on the defendant's motion to that end. We did not intend to say that the defendant was properly relieved of any items of costs, for that question is not before us. All that we intended to say was that the trial court had the power to act upon the motion, and to relieve the defendant of such items as were not properly taxable against her under the general judgment for costs in favor of the plaintiff.

All the Justices concur, except BROWN, J., not sitting.