(122 So. 643)

**Ex parte DAYTON RUBBER MFG. CO.**

**DAYTON RUBBER MFG. CO. v. McCORMACK.**

**(6 Div. 201.)**

Supreme Court of Alabama. May 30, 1929.

London, Yancey & Brower, and J. K. Jackson, all of Birmingham, for petitioner.

Percy, Benners & Burr, of Birmingham, for respondent.

SAYRE, J. Petitioner, Dayton Rubber Manufacturing Company, brought two suits against defendant, McCormack, on the same day. The deputy sheriff's returns show service of summons in both cases on the same day, viz.: December 6, 1927. Suit No. 1, as we may refer to one of them, was the subject of negotiation between the attorneys for the respective parties; but between them nothing was said concerning suit No. 2. May 10, 1928, petitioner took judgment by default in suit No. 2. More than 30 days later, June 12, 1928, petitioner caused execution to be issued. June 13, 1928, defendant in the trial court filed his petition to set aside the judgment thus rendered, and, some days later, the court set aside the judgment and restored cause No. 2 to the docket for trial at a subsequent date. This judgment on the motion is the subject of present consideration, plaintiff having applied to this court for a writ of mandamus to compel the trial court to vacate its judgment setting aside the judgment by default.

Petitioner has been content to submit the issue thus presented to this court on the affidavits offered by respondent. Its defense

against the motion and judgment thereon is rested upon the proposition that the motion came too late, that is, more than 30 days after judgment rendered, and, by reason of the provision of section 6670 of the Code, the trial court had no jurisdiction to hear the motion. And, further, the contention is the court should not have considered the motion as a proceeding under the four-months' statute, section 9521 of the Code, for reasons assigned in the brief for petitioner.

Our judgment is that the judgment setting aside the judgment against defendant in cause No. 2 was, as for anything appearing on the record, properly rendered.

At first the writer hereof was inclined to the opinion that the judgments to be properly classed with judgments as to which provision is made by sections 6670 and 9521 of the Code were judgments in causes in which the court had acquired, by service or otherwise, jurisdiction of the parties—this upon the idea that a judgment rendered against a person without service of process (or other sufficient legal notice) is without the jurisdiction of the court and is void, is not a judgment within any proper meaning of that term, and that a court of law, without regard to the lapse of the term or the limitation of four months prescribed by section 9521, might, to use the language of some of the cases "out of due regard to its own dignity, the protection of its officers, and the prevention of the abuse of its process and injustice to its suitors," diligence being exercised by the movant, vindicate the integrity of its records by eradicating a false return—this, because every court of general jurisdiction has inherent power to control its own records, Freeman on Judgments (5th Ed.) § 228, and Black on Judgments, § 288, and the reason of the matter appeared to the writer to sustain this statement of the law. I referred to the opinion of the Court of Appeals in Ex parte Gunter, 17 Ala. App. 313, 86 So. 146, as containing a very clear statement of the question of procedure involved in such cases, and examined the cases by the citation of which this court —the writer included—seems to have been led to the decision in Ex parte Brickell, 204 Ala. 441, 86 So. 1. Not one of them sustains the opinion there pronounced to the effect that the *only remedy* in such cases is by petition for rehearing under the four months' statute (section 9521 of the Code) or by bill in chancery. One of them, Max J. Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 So. 341, impressed the writer as holding that a defendant who had not been brought into court, or had not voluntarily appeared, might have his remedy either by application to the court rendering the judgment—so called for convenience—or by bill in equity. As for the rest of them, it will be found upon close examination that none of them sustains the proposition of exclusive jurisdiction in chancery or under the four months' statute. In the concurring opinion which has been filed in this case some other cases are cited. None of them sustains the proposition that a court of law may not at any time make its record speak the truth. In Soulard v. Vacuum Oil Co., 109 Ala. 387, 19 So. 414, where the only service was by levy on property, the court said that the personal judgment was of no force or effect against the defendant. In Jefferson County Savings Bank v. McDermott, 99 Ala. 79, 10 So. 154, the question was expressly pretermitted. In Crafts v. Dexter, 8 Ala. 767, 42 Am. Dec. 666, the proceeding was in equity. That jurisdiction has not been denied. Wise v. Miller, 215 Ala. 660, 111 So. 913.

But, not to dwell at too great length on that question, the court thinks, and I concur without reservation, that the trial court had jurisdiction under the four months' statute, section 9521 of the Code. That section is cumulative of the remedy in equity, as its verbiage sufficiently indicates, and, I hardly need suggest, reaches many cases in which no question as to lack of service is involved. See citations in Michie's Annotated Code.

Defendant in this instance moved promptly and, as the court here thinks, diligently to have the judgment by default set aside. As for the issue of fact involved, the petition for mandamus rests largely upon the proposition that defendant in the original suit ought to be convicted of culpable negligence in failing to take cognizance of the process in suit No. 2, rather than the sheriff's return be set aside as untrue in fact. The sheriff's return showing service on defendant in a case like this is entitled to great weight in general. Dunklin v. Wilson, 64 Ala. 162. If the judgment resting upon the return was to be vacated, the lack of service should have been supported by clear and convincing proof. Defendant, movant in the trial court, testifies to the lack of service, and his attorney makes affidavit to strongly corroborating circumstances. The fact is—it is not denied—that defendant took the papers served on him forthwith to his attorney and he failed to discover that two suits had been brought. The officer making the return does not testify. The circumstance of two suits between the same parties brought at the same time, there being several defendants, was well calculated to produce confusion in the mind of the officer at the time of the service. The trial judge must have concluded that the proof was clear and convincing, as the decisions require it should be, and this court is not willing to hold that error was committed in setting aside the judgment. In this conclusion all the sitting judges concur. Petitioner will have his day in court. Bastian-Blessing Co. v. Gewin, 217 Ala. 592, 117 So. 197.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

BROWN, J. (concurring). Where the record, as here, shows on its face, jurisdiction of the subject-matter and of the person, it is the settled rule of our decisions that the court rendering the judgment, after the expiration of the term or of the time through which its plenary power is preserved by the statute, is without authority to set aside and vacate such judgment, on motion invoking the exercise of such plenary power. Ex parte Brickell, 204 Ala. 441, 86 So. 1; Ex parte Alabama Fuel & Iron Co., 193 Ala. 496, 69 So. 115; Soulard v. Vacuum Oil Co., 109 Ala. 387, 19 So. 414; Kohn, Leberman & Co. v. Haas, 95 Ala. 478, 12 So. 577. The rule goes, not to the unimpeachability of the judgment, but to the power of the court to inquire into its validity for want of service of process. Jefferson County Savings Bank v. McDermott, 99 Ala. 79, 10 So. 154; Ex parte Brickell, supra; Crafts v. Dexter, 8 Ala. 767, 42 Am. Dec. 666.

The petition in this case was not a motion addressed to the plenary power of the court, but is a petition for rehearing under the four months' statute, Code of 1923, § 9521—a new suit or proceeding—in which the statute authorizes a court of law to interfere and grant relief in precisely the same class of cases in which a court of equity is accustomed to affording relief, and on the same principles. Renfro Bros. v. Merryman & Co., 71 Ala. 195; Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Todd v. Leslie, 171 Ala. 624, 55 So. 174; Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304.

The evidence offered in support of the petition showing without dispute that process was not served, that the defendant had a good defense, and was without fault or negligence, the motion was properly granted. Alabama Chemical Co. v. Hall, 212 Ala. 8, 101 So. 456; Crafts v. Dexter, 8 Ala. 767, 42 Am. Dec. 666. For this reason I concur in the conclusion that the mandamus should be denied.

ANDERSON, C. J., and THOMAS, J., concur in the foregoing.