(134 So. 861)

### Ex parte FIDELITY & DEPOSIT CO. OF MARYLAND et al.
### 6 Div. 819.

Supreme Court of Alabama.
May 21, 1931.

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for petitioner.

FOSTER, J.

This is an original petition addressed to this court praying for a mandamus directed to a judge of the circuit court of Jefferson county. Briefly stated, the facts alleged are that one Joe Sanders filed suit in the circuit court of Jefferson county claiming damages of petitioners as defendants in that suit. The case was set for trial for May 21, 1929, and on that day it was dismissed for want of prosecution. On June 20, 1929, plaintiff filed a motion to vacate the order of dismissal and to grant a new trial, and on that day presented it to a judge of that court, who made an order continuing the motion to June 22, 1929. On the latter day, the judge caused a judgment to be entered reciting that the parties by their attorneys came before him and argued and submitted the motion, whereupon it was granted, and the judgment of dismissal set aside. Counsel for defendants, claiming that they were not present and had no notice of the motion or its hearing, incidentally discovered during the spring of 1930 that the case was reset for trial. Thereupon they moved to vacate the judgment of June 22, 1929, on the ground that they had no notice of the motion nor the date of hearing it, and that the court had no jurisdiction to make the order. The court overruled this motion.

Petitioners pray in this court that a mandamus issue directing the judge of the circuit court to vacate the order of June 22, setting aside the dismissal of the cause, and to vacate the order denying their motion to set aside the order of June 22, and directing that it be granted. The first contention is that the order should be vacated because defendants had no notice of the motion nor of its hearing as required by rule 22, Circuit Court Practice. While the record does not show notice as required by that rule, the judgment of the court recited the personal presence of counsel for defendants on the hearing and the argument and submission of the motion. But counsel file affidavits that none of them was present nor had notice of it, and that the recital in the judgment to that effect is an error. The judge states that he has no personal recollection, but that he has a custom universally observed not to hear such a motion unless notice to opposing counsel is shown or unless such counsel personally appear on the hearing.

We observe that the purpose of the motion of petitioners was not to amend the judgment of June 22, nunc pro tunc, so as to eliminate its recitals showing that defendants' counsel appeared in court on that day, based upon record evidence that such recitals should be eliminated, sufficient to support such a motion to amend. We also observe that the motion is not made upon the theory that it was an entry on the minutes made by the clerk when he had no authority to do so. So that, if the judge had the power and jurisdiction to make the order, it is a valid minute entry. With respect to such a judgment after the lapse of the term when it was rendered (now after the expiration of thirty days, section 6670, Code), the court which rendered it cannot vacate it on the mere motion of either of the parties. The only remedy then available is by petition for rehearing under the provisions of the Code (sections 9520, 9521, the four months' statute) or by bill in equity. Ex parte Brickell, 204 Ala. 441, 86 So. 1, citing many cases. This case was criticised somewhat by one of the justices in Ex parte Dayton Rubber Mfg. Co., 219 Ala. 482, 122 So. 643. But the criticism did not meet with the approval of the court, and additional authorities in support of the conclusion were cited. The question being now again here presented, we reaffirm the principle as stated in Ex parte Brickell, supra, and approved in the concurring opinion of Mr. Justice Brown in Ex parte Dayton Rubber Mfg. Co., supra. We need not here repeat what was said in those cases, nor enlarge upon it to support the conclusion. Therefore, if the judgment of June 22, 1929, is not void on its face, and the court had jurisdiction, as shown by the record, to enter it, it cannot be vacated on the motion made more than four months thereafter, and at a subsequent term of court.

The motion made by plaintiff to vacate the order of dismissal was filed within thirty days after its date, and within said period it was continued for two days later, which latter date, June 22, was within the term. The

court had not lost jurisdiction therefore on account of lapse of time. Section 6670; Ex parte Adams, 216 Ala. 353, 113 So. 513; Greer v. Heyer, 216 Ala. 229, 113 So. 14; Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641; Morris v. Corona Coal Co., 215 Ala. 47, 109 So. 278; Ex parte Schoel, 205 Ala. 248, 87 So. 801; State ex rel. Tuck v. Snyder, 219 Ala. 352, 122 So. 410.

But it is argued that the court had no jurisdiction in the absence of notice to defendants of the motion as required by Circuit Court Rule 22. If we should concede that such notice is jurisdictional, which we do not by any means, the result would not benefit petitioners. Since counsel cannot in this nature of proceeding dispute the recital in the judgment of their personal appearance on the hearing, that fact is conclusive that they had knowledge of it. Such knowledge dispenses with notice required by the rule, unless they complain of the date of the notice and seek a postponement in order to make preparation. In the absence of such motion, an appearance is sufficient to dispense with the notice required by rule 22. Jennings v. Pearce, 101 Ala. 538, 14 So. 319; Moore v. Easley, 18 Ala. 619. Such appearance and contest on the merits not only waive notice, but also a discontinuance due to the lapse of time. Ex parte Schoel, supra; Dulin v. Johnson, 216 Ala. 393, 113 So. 397. The order of June 22 was therefore within the jurisdiction of the court, and the motion to vacate it was not presented within four months.

Our conclusion is that petitioners are therefore not due to have issued the mandamus for which they pray.

Mandamus is denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.