142 So. 403

## Ex parte HOWARD.

## HOWARD v. RIDGEWAY et al.

### 6 Div. 995.

Supreme Court of Alabama.

May 26, 1932.

W. Marvin Scott, of Cullman, for petitioner.

Jas. E. Horton, of Athens, for respondents.

**BROWN, J.**

This is an original application to this court for the issuance of a writ of mandamus to require the respondent, Hon. James E. Horton, one of the judges of the Eighth judicial circuit, to vacate an order entered by him in the case of the petitioner, Howard, as complainant, against A. T. Ridgeway et al., setting aside the final decree in said case on the application of the defendants, and restoring the same to the equity docket.

The final decree was entered on the 22d day of June, 1931, and the petition for rehearing was filed on July 14, 1931, and after notice to the petitioner, who appeared and contested the same, was heard and granted on July 20, 1931.

The grounds of the petition for rehearing were that the final decree was predicated on a decree pro confesso, which was improvidently granted because the respondents had appeared before said decree pro confesso was entered and filed a demurrer to the bill; that the complainant had amended his bill after service of process and before answer filed, and had failed to give the respondents notice of such amendment, rendering the decree irregular and erroneous.

We are not concerned with the merits of the petition for rehearing or the grounds impelling the chancellor to grant the same. The sole contention of the petitioner here is that the term of the court at which the final decree was rendered expired by operation of law on the 27th day of June, 1931, being the last Saturday in that month (Code 1923, § 6667); therefore, there was an absence of power in the circuit court sitting in equity, or the judge thereof sitting as chancellor, to vacate the final decree.

The rule of our decisions is that, by the expiration of the term at which judgment is rendered in common-law actions, the plenary jurisdiction of the circuit court to modify, set aside, or vacate the same is lost, and the statute. section 6670 of the Code, providing that "after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over

it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day," is without virtue to preserve such jurisdiction and control, unless motion is made before the expiration of the term, and duly continued and heard without lapse in the continuity of the proceedings. Morris v. Corona Coal Company, 215 Ala. 47, 109 So. 278; Ex parte Fidelity & Deposit Company of Maryland, 223 Ala. 98, 134 So. 861; Ex parte Dayton Rubber Mfg. Co., 219 Ala. 482, 122 So. 643; Ex parte Brickell, Judge, 204 Ala. 441, 86 So. 1.

This rule has been applied to an "issue out of chancery" in cases wherein the parties are entitled, as matter of right, to a trial of the issues by jury, as contradistinguished from cases wherein the trial by jury and the verdict are merely advisory. Lewis v. Martin, 210 Ala. 401, 98 So. 635.

In such cases the trial of the issues by jury partake of the essence of a trial at law, and motion to set aside the verdict and award a trial de novo is essential to a review by the chancellor of the rulings on the trial of the issues before the jury. Karter v. East et al., 220 Ala. 511, 125 So. 655; Hale et al. v. Cox, 222 Ala. 136, 131 So. 233.

While in treating the questions presented in Engle v. Bronaugh, 208 Ala. 162, 93 So. 868, 869, a suit in equity, it was incidentally stated that "court adjourned by operation of law at midnight, the last Saturday in June, 1921, and no motion had been made to set aside the decree," the point decided and the ground for decision was that the appellant, by his failure to file exceptions to the report of the receiver as required by rule 94 of Chancery Practice, had waived his right to have the decree vacated on motion, and not that the court was without jurisdiction to vacate the order. The pertinent observation was: "When the defendant admits he had notice of the filing and a copy of the receiver's report on the 9th or 10th of June, 1921, before it was confirmed, and did not object to its confirmation and waited until after the court adjourned and until July 9, 1921, nearly 30 days after the report was confirmed, to file exceptions to it and to file motion to set the decree of confirmation aside, *the court will not be put in error* for refusing to grant his motion or petition. *The defendant had waived his right* to object and except to its confirmation"—citing Gerald v. Miller, 21 Ala. 436; rule 94, Chancery Practice, p. 1557, vol. 2, Code 1907; Taunton v. McInnish, 46 Ala. 619, and other cases dealing with the question of waiver. (Italics supplied.)

This cannot be construed as holding that the trial court had lost its control over the decree. Moreover, the utterances in that case are mere dictum as the matter therein complained of was within the unrevisable discretion of the trial court. Cox v. Brown, 198 Ala. 638, 73 So. 964.

Section 6636 of chapter 267 of the Code of 1923, dealing with the jurisdiction of "Chancery Courts," provides: "The circuit court, *when exercising equity jurisdiction, shall always be open for the transaction of any business therein*, but the court shall not have the power to open or set aside any final decree after the lapse of thirty days from the date of its rendition." Section 6637 provides that: "The circuit judge, by order entered on the minutes of the court, shall designate the *times for the equity sessions* of the circuit court, and every case shall have at least two peremptory calls in every year," etc. Section 6638 provides for the call of the docket and the setting of cases for hearing "at equity sessions"; and section 6639 provides: "When any cause shall be at issue and ready for submission, the court shall receive the submission whenever it shall be presented to him." (Italics supplied.)

The thought expressed in section 6636, supra, originated in the act of March 17, 1915 (Acts of 1915, p. 135), purporting to amend rule 1 of Chancery Practice, but in bringing it forward into the code, the statute was rewritten so as to make it applicable to the circuit court, sitting as a court of equity, and is embodied and adopted into the code as a part of the chapter dealing with the jurisdiction and powers of chancery courts.

On the other hand, section 6667 originated in the act of September 22, 1915 (Acts 1915, pp. 707, 708), applicable to the circuit court only. This act became a part of the law before the act consolidating the circuit and chancery courts passed and approved August 16, 1915, to go into effect the first Monday after the second Tuesday in January, 1917 (Acts 1915, p. 279), went into effect.

The act of September 22, 1915, was brought forward in the chapter dealing with the jurisdiction and powers of the circuit court, as a court of law (see Code 1923, § 6667 et seq.).

Construing sections 6636, 6667, and 6670, in pari materia, and in the light of their history, so as to give each a field of operation, the conclusion is inescapable that the circuit court, as a court of equity, is always open for the transaction of any business therein, and that section 6667, fixing the terms of the circuit court, applies to it as a court of law only.

This court has expressly ruled that the circuit court, as a court of equity, is always open. Anderson v. Steiner, 217 Ala. 85, 115 So. 4.

The only limitation on the court's plenary powers, when sitting as a court of equity, is

found in sections 6636, 6670 of the Code, which, for the purpose of rehearings filed under rule 81 of Chancery Practice, "establishes in every cause a new term of the chancery court of 30 days' duration, beginning on the day after the decree. After the expiration of 30 days, the court is without power to hear such a motion, unless opposing counsel waive the delay, or unless jurisdiction is retained by a proper order." Gibson v. Farmers' Bank of Luverne, 218 Ala. 554, 119 So. 664, 665; Chilton v. Gurganus et al., 218 Ala. 145, 117 So. 655.

The petition for rehearing was filed within thirty days from the rendition of the decree, and the chancellor had jurisdiction and power to entertain it.

The writ of mandamus is therefore denied, and the petition dismissed.

Mandamus denied; petition dismissed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.