# Henderson *v.* Holman.

## *Detinue.*

(Decided December 18, 1913. 64 South. 11.)

*Detinue; Claim; Bond; Liability of Claimant.*—Where detinue was brought for all the lumber at a certain yard, and a claim thereto was filed, and bond given to have the property forthcoming, if found liable to the detinue suit, and there was judgment for plaintiff, and claimant delivered to the sheriff all the lumber "then at the yard," the delivery was not sufficient to relieve claimant from liability on the bond where the evidence showed that not all the lumber which was on the yard when the suit was begun and the bond given was delivered thereunder.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Detinue by Allen Holman against W. W. Wise and another, in which J. E. Henderson interposed as claimant for the property sued for as required by the statute. Judgment for plaintiff and claimant appeals. Affirmed.

W. O. MULKEY, and C. W. SIMMONS, for appellant. Under the facts in this case there was a delivery to the

[Henderson v. Holman.]

sheriff in discharge of his bond.—*Willoughby v. Jerni-gan,* 60 South. 514.

FOSTER & SAMFORD, for appellee.  The bond was not discharged by the delivery made as the property delivered was short of that levied on under the writ.—Sec. 3793, Code 1907; *Munter v. Lienkauf,* 78 Ala. 546; *Wilcox v. Piedmont,* 97 Ala. 552, s. c. 98 Ala. 281.  The bond was statutory and binding as to the obligee therein.—*Troy v. Rodgers,* 116 Ala. 259; 13 A. & E. Enc. of Law. 1139.  The tender, if one was made was not sufficient.—21 Cent. Dig. 1140-1.  Where the bill of exceptions does not purport to contain all the evidence, the court will not review the action of the lower court in directing the verdict.—*Gamble v. Cooper,* 159 Ala. 637.

DE GRAFFENRIED, J.—It appears from this record that Y. Allen Holman brought a suit in detinue against W. W. Wise and J. Z. Brooks for all of the lumber situated at F. M. Mixon's sawmill and lumber yard, and at Clintonville switch, on the Atlantic Coast Line Railway.  J. E. Henderson made claim to the lumber under the provisions of section 3792 of the Code of 1907, which provides that "if the property seized is claimed by a person not a party to the suit, and affidavit and bond is executed as required by law in cases of trial of right of property when levied on by the writ of fieri facias, the property must be delivered to the claimant," etc.  Henderson made the required bond, which was approved by the sheriff, and the bond, as required by our statutes, was conditioned to have the "said property above described forthcoming for the satisfaction of the judgment if it be found liable therefor."  The property is described in the bond as "all lumber at F. M. Mixon's sawmill and lumber yard and at Clintonville

switch on Atlantic Coast Line Railroad near Clinton-
ville, Alabama." Upon the execution and delivery of
the bond the sheriff delivered the lumber to said Hen-
derson. A trial was had of the detinue suit, with the
result that the plaintiff obtained a verdict in the fol-
lowing language: "We, the jury, find for the plaintiff
for the property sued for, and we fix the value of the
lumber to be $1,500." The court rendered judgment
upon the verdict in the following language: "It is
* * * adjudged by the court that the plaintiff have
and recover of the defendants the lumber sued for, to
wit, 100,000 feet board lumber, poll stocks, and deck-
ing produce of the F. M. Mixon mill while run by the
defendants, being all of said lumber at said mill and
Clintonville switch, all in Coffee county, Ala., or the
alternative value thereof as fixed by the jury of $15 per
thousand B. M. of the aggregate value of $1,500." There
seems to have been, on the same day, a separate trial of
the claim suit, and in *that* suit the jury returned the fol-
lowing verdict: "We, the jury, find the issue in favor
of the plaintiff and find the value of the lumber to be $15
per B. M. thousand in the aggregate $1,500." A judg-
ment was thereupon rendered by the trial court, upon
said verdict, in the following language: "It is there-
fore considered and adjudged by the court that the
property involved in this suit, and described in the
claim bond filed in this cause on the 1st day of July,
1907, to wit, all lumber at F. M. Mixon's sawmill and
lumber yard and at Clintonville switch on the Atlantic
Coast Line Railroad near Clintonville, Ala., is not the
property of the claimant, but is the property of the
plaintiff, and that the plaintiff is entitled to immediate
possession. It is further considered and adjudged by
the court that the value of said property is $15 per thou-
sand feet B. M. of lumber, and that its aggregate value
is $1,500."

We have quoted from the above claim bond for the purpose of calling attention to the fact that the property involved in the claim suit—and, as to that matter, in the original detinue suit—was *all* of the lumber at Mixon's mill and at Clintonville switch. The complaint in the detinue suit is not before us, but the claim bond is, and in the claim bond the property is so described.

Under our statutes the said Henderson had 30 days after the rendition of the above judgment within which to return the said lumber to the sheriff. The sheriff is required by our statutes, upon the failure of the claimant in such a suit, to return to him the property claimed within 30 days after the rendition of a judgment against him, to indorse that fact upon the claim bond, and to return to the court in which the claim suit is tried the bond as forfeited. Thereupon the clerk of the court is required to issue execution against the principal and the sureties on the claim bond for the alternate value of the property as fixed by the judgment. In this case, the sheriff, after the lapse of 30 days after the rendition of the above judgment, returned into the trial court the claim bond with the following indorsement: "The time having expired for the delivery of the property and the payment of the costs, this bond is hereby forfeited." Thereupon an execution was issued by the clerk against the obligors on the claim bond for the alternate value of the property. Thereupon the said Henderson filed in the cause a petition for a writ of supersedeas, in which he alleges, as his *sole* ground for *relief,* that "upon the trial of said cause the *issues* were found *against* your petitioner, and that thereupon within 30 days, as allowed by law, and in *strict compliance with the claim bond* filed in said cause, your *petitioner delivered* to *the sheriff of Coffee county all property sued for* and *claimed by your petitioner,* and the sheriff of said county accepted same."

[Henderson v. Holman.]

There was evidence tending to show that the sheriff, *before* the expiration of the 30 days above referred to, accepted from the plaintiff, under the statement that it was "the lumber in the claim bond," all the lumber *then* at the mill and at the switch. The sheriff was not at the mill nor at the switch when this acceptance was given, but was in his office at Elba. The evidence on the subject of this delivery is as follows: "Said C. W. Simmons further testified that, being authorized by J. E. Henderson and representing him, and within 30 days —that is, less than 30 days from the date of the judgment referred to in the claim suit—he went to Mr. Knight, who was then sheriff of Coffee county, and told him that the said J. E. Henderson was ready to deliver this lumber to him; that he saw Mr. Knight at his office in Elba, Ala., and said to him, 'We would now deliver you the lumber that is in our claim bond, lumber at the mill and at the switch; that we will deliver you all the lumber that is in the claim bond,' and for which they recovered judgment. Mr. Knight said, 'That is all right then;' that he told Mr. Knight that this lumber was at Clintonville switch, and a small portion of it was up at the mill; that the said lumber was seized at these two points, and was there when the claim was interposed; that Mr. Knight told me that it was all right, and he made no objections to it as a delivery; that the cost of the claim suit had been paid before the petition had been filed in this case; that he was positive that this transaction between him and Mr. Knight took place before the expiration of 30 days from the date of the judgment in the claim suit."

There was evidence tending to show that at the time referred to by the witness Simmons there was *more* than 100,000 feet of lumber at the said mill and switch; but we think that the evidence discloses, without dis-

[Henderson v. Holman.]

pute, that *not all* of the lumber involved in the claim suit, and for the recovery of which judgment was rendered against Henderson in the claim suit, was *then* at said mill and switch. The claim suit involved *all* of the lumber which was, at the *time* the claim bond was made, at said mill and switch. The *claim bond* shows this, and so does the *judgment* which was rendered by the court in the claim suit. It is true that the verdict of the jury indicates that the jury was of the opinion, from the evidence, that only 100,000 feet of lumber was at the mill and switch, but nevertheless the verdict of the jury, taken in connection with the claim bond which fixed the issue which they were called upon to try, and the judgment of the court which followed the verdict, shows that the jury found, and the judgment of the court following the verdict declared, that the plaintiff, Holman, was entitled to *all* of the lumber at the mill and switch, and that Henderson could only meet the letter of his claim bond by delivering all of said lumber to said Holman. Of course the verdict of the jury and the judgment of the court related back to the date of the claim bond, the date upon which the claim suit was instituted.

While judgments and decrees are solemn and, for that reason, are entitled to have every word in them carefully and candidly considered, nevertheless, like all written instruments, they are entitled to be given their plain and obvious meaning, provided, when so construed, they are of legal validity.—1 Black, Judgments, p. 138, § 123.

So construing the verdict and the judgment in the claim suit, it seems that the above construction which we have placed upon the judgment is the only rational construction which can be placed upon it. If, therefore, when the claim suit was instituted, there was more than

100,000 feet of lumber at the mill and at the switch, then, to meet the requirements of his claim bond under the judgment rendered against Henderson in the claim suit, it was necessary for Henderson to deliver to the sheriff all of the lumber which went into his possession under the bond which was filed in the claim suit, whether there was more than 100,000 feet or not. While Henderson testifies that he delivered more than 100,000 feet of lumber to the sheriff, and while all the evidence shows that, if he made such delivery, the lumber delivered was a *part* of the lumber involved in the claim suit, Henderson's own testimony shows that he did *not* deliver all of the lumber involved in the claim suit to sheriff. Among other things, Henderson testified that he measured the lumber which he turned over to the sheriff; and he said, on cross-examination, "that he measured all the lumber that was there (at the switch) at the time, *that some of the lumber at the switch when he interposed his claim was afterwards used on his place, but he does not know how much.*" The testimony which we have italicized evidently refers to lumber which was at the switch when Henderson *interposed* the claim, but was *not* at the *switch* when the delivery to the sheriff took place, because Henderson had used it on his place. We think it plain, therefore, that Henderson's own evidence shows that he did *not*, as he alleges in his pettiion for the writ of supersedeas, deliver to the sheriff "all property sued for and claimed by your petitioner" in said claim suit. In other words, the petitioner, by his own evidence, shows that he failed to comply with the above-quoted allegation in his petition for the writ of supersedeas; and it was upon the quoted allegation of the petition that the said Henderson relied for relief.

[Henderson v. Holman.]

2. In reaching the above conclusion we are not unmindful of the fact that, in his answer to the petition for the writ of supersedeas, the appellee—plaintiff in the detinue suit—says that, in the trial of the claim suit, "the issue was found against said J. E. Henderson as to 100,000 feet of said lumber, and that judgment was rendered accordingly," etc., but, in another part of his answer, the said appellee says that he *"denies* that the said J. E. Henderson *delivered* to the sheriff of Coffee county the said *lumber for which judgment was rendered against the said J. E. Henderson, as such claimant, or any part thereof, within 30 days after March 1, 1908, and denies that the said sheriff accepted the same."* Undoubtedly there was conflict in the evidence as to whether the said Henderson did or did not deliver to the sheriff as much as 100,000 feet of lumber within 30 days, but there was not, we think, any conflict in the evidence on the proposition that Henderson did not deliver to the sheriff *all* of the lumber for which judgment was rendered against him in the claim suit, and we think *this* issue was made in that part of appellee's answer which we have above italicized.

The crucial point in this case is, Was there any conflict in the evidence on the proposition that Henderson did *not* deliver to the sheriff all of the lumber for which judgment was rendered against him in the claim suit? We do not think that there was *any* conflict in the evidence on *that* subject; and for this reason we are of the opinion that the trial judge committed no error in charging the jury, at the written request of the appellee, that if they believed the evidence they should find a verdict in his favor.

3. The sheriff, in returning the claim bond as forfeit-. ed did *not* indorse thereon that the claimant had not delivered the property or paid the costs within the 30

days. The parties have treated the return of the sheriff as sufficient, however, and we have so treated it.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.