# Henderson *v.* Holman, *et al.*

### *Bill to Restrain Sale Under Execution.*

(Decided June 30, 1916.   69 South. 424.)

1. *Quieting Title; Grounds; Execution.*—An execution void on its face can cast no cloud upon the title to property.

2. *Execution; Irregularity; Remedy.*—Under Section 3256, Code 1907, an execution, irregular or defective, in that it ran for a sum not warranted by the judgment on which it was issued, may be corrected in the court where the judgment was rendered, such court having inherent power to control its processes so as to do justice between the parties.

3. *Same; Injunction; Adequate Remedy at Law.*—Where the execution was void or irregular because issued for an amount not warranted by the judgment, a bill will not lie to enjoin the same, since if the execution is void, it would cast no cloud upon the property, or if irregular, the party against whom it issued had an adequate remedy in the court wherein the judgment was rendered.

4. *Claim Bond; Forfeiture.*—Under Section 6024, Code 1907, an endorsement on a forthcoming bond reading "the time having expired for the delivery of the property and the payment of the cost, this bond is forfeited," is sufficient.

APPEAL from Coffee Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by J. E. Henderson against Y. Allen Holman and others, to enjoin the sale of property under execution. From a decree sustaining demurrer to the bill the complainant appeals. Affirmed.

W. O. MULKEY, for appellant.

A. B. FOSTER, for appellee.

McCLELLAN, J.—This bill—filed by J. E. Henderson against Brock, as clerk of the circuit court of Coffee county, McBride, as sheriff of Pike county, and Y. Allen Holman—seeks to restrain the officers and the

said Holman from selling under execution issued by the clerk of the Coffee county circuit court certain real property in Pike county levied on and belonging to Henderson to satisfy a judgment against Henderson and against Simmons as a surety of the former's claim bond, under the circumstances fully set forth in the report of the appeal of Henderson against Holman, to be found in 185 Ala. 538, 64 South. 11. It is not necessary or desirable to repeat the facts and circumstances there adequately set forth. Reference to that report must suffice. It was there decided that the claimant's failure to deliver *all* the lumber, according to the letter of the forthcoming bond, *was* a breach thereof, and that the petition for supersedeas was properly denied.

(1-3) The bill's fundamental theory is rested on the contention that the process levied on the Pike county property of Henderson is unauthorized by law, for these reasons: (a) That complainant exonerated his claim bond by a delivery of the lumber, a contention that was finally concluded against Henderson in the proceedings affirmed, as reported in 185 Ala. 538, 64 South. 11; (b) that complainant is entitled to credit on the execution of the value of the lumber delivered, as he asserts, to the sheriff; (c) that the execution embraces items of charge which were not properly included therein, which should be eliminated; (d) that the levy on, the real estate in Pike county creates, or will create, if the intended sale is effected, a cloud on his title, which only a court of equity can avert or remove.

The chancellor granted the motion to dissolve the temporary injunction issued theretofore, and sustained the demurrer to the bill, both on the ground that there is no equity in the bill, that the complainant has an adequate remedy at law, viz., to invoke the court,

the process of which is the cause of Henderson's complaint, to revoke the process, if found to be defective, or to discharge the levy, or to accord such credit, if any, on the judgment involved, as may be ascertained to be Henderson's due. It is manifest that if the court from which the process emanates may, as is clear in a proper case, control its execution or quash it before a sale thereunder, there cannot result therefrom a cloud or shadow upon the title of defendant in the judgment. If the process is void upon its face, then it could cast no cloud upon property.—*Rea v. Longstreet,* 54 Ala. 291. If it is irregular or defective, or runs for an amount or in a sum not warranted by the judgment, an entirely adequate remedy is available to the defendant in the judgment in the court of law from which it is issued.—*Triest v. Enslen,* 106 Ala. 188, 17 South. 356; *Harrison v. Hammer,* 99 Ala. 605, 12 South. 917. If the process is excessive in amount, and its execution would impose injustice, because the total or partial satisfaction of the judgment has been already afforded, the defendant in the judgment has an adequate remedy in the court from which the process has issued. Code § 3256; *Thompson v. Lassiter,* 86 Ala. 5404, 6 South. 33. The power of the court to control its process, to quash it, or to give it an effect *not* inconsistent with substantial justice under the judgment the process would enforce, is inherent and is never doubted.—*Rhodes v. Smith,* 66 Ala. 174; *Atkins v. Siddons,* 66 Ala. 453.

(4) The indorsement of the sheriff upon the forthcoming bond was a compliance with the letter of the statute. Code, § 6042. The indorsement reads: "The time having expired for the delivery of the property and the payment of the costs, this bond is forfeited."

The reference, in the indorsement, to the expiration

of time for the delivery of the property, must be taken
to have been to the period prescribed in the statute.
Code, § 6042. It appears from the opinion in the other
appeal (185 Ala. 544, 546, 163 South. 11) that the
"parties treated the return of the sheriff as sufficient,"
and this court then so treated it. This conclusion on
the part of all was well entertained. The bill is with-
out equity. Hence the decree dissolving the injunc-
tion, and also the decree sustaining the demurrer to
the bill, were well rendered.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., con.
cur.