(83 South. 474)

HOLMAN v. HENDERSON. (4 Div. 851.)

(Supreme Court of Alabama. Nov. 20, 1919.)

1. DETINUE ⊜⟿31—NO RIGHT TO SUPERSEDE EXECUTION AFTER FORFEITURE WHERE TENDER OF PROPERTY INSUFFICIENT.

In a detinue suit for lumber wherein a third party intervened as claimant and executed a claim bond under Code 1907, which was indorsed forfeited by the sheriff on expiration of the time allowed for the delivery of the property by section 6042, after judgment in favor of the plaintiff in the trial of the rights of property, the claimant is not entitled to have an execution issued on the forfeited claim, but credited with the lumber so tendered, in a proceeding to supersede and quash such execution, when it appears that the claimant tendered to the sheriff a lot of lumber as all the lumber covered by the bond, and it appears that the lumber tendered was not all the lumber covered by the bond.

2. DETINUE ⊜⟿31—SHERIFF MAY CHECK LUMBER TENDERED IN SATISFACTION OF FORFEITED CLAIM BOND.

In such case, when the claimant tendered a lot of lumber as all the lumber covered by the claim bond, it is the duty of the sheriff to ascertain whether or not the lumber tendered is all the lumber covered by such bond, and if he ascertains that the lumber tendered is not all the lumber covered by the bond, the sheriff's duty requires him to reject the tender, and if another tender is not made under the time allowed by the statute, to indorse the bond forfeited.

Appeal from Circuit Court, Coffee County; B. G. Farmer, Special Judge.

Petition by J. E. Henderson against Y. Allen Holman to supersede execution and for exoneration in an amount that the lumber was delivered to the sheriff and by him delivered to Holman. The judgment was that petitioner be credited with all the lumber received by him from the sheriff except 10,000 feet, worth about $150. From this judgment respondent appeals. Reversed and rendered.

The facts will be found stated in Henderson v. Holman, 185 Ala. 538, 64 South. 11.

W. W. Sanders, of Elba, and Sollie & Sollie, of Ozark, for appellant. Iowa supersedeas proceeding is the substitute for the ancient writ of audita querela, and is governed by the same rules. 86 Ala. 536, 6 South. 33; 143 Ala. 530, 39 South. 47; 6 Ala. App. 292, 60 South. 737 and authorities there cited. The party is not entitled to relief by audita querela when he had been negligent, or has had a legal opportunity to avail himself of matters of defense set up in his petition. Authorities supra, and 12 Wall. 304, 20 L. Ed. 405; 14 Allen (Mass.) 228; 58 Vt. 599, 2 Atl. 482; 1 Aikins (Vt.) 321, 15 Am. Dec.

⊜⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

692; 6 Corpus Juris, 855. There was no right to make a partial return of the property and to get credit pro tanto. 97 Ala. 552, 11 South. 779; 78 Ala. 546; § 3792, Code 1907..

W. O. Mulkey, of Geneva, for appellee. No brief came to the Reporter.

BROWN, J.    This case in some of its phases has been before this court on two former appeals—the first from a judgment of the circuit court denying the petition of the present appellee to supersede and quash an execution issued on a forfeited claim bond (Henderson v. Holman, 185 Ala. 538, 64 South. 11); the second was from a decree of the circuit. court, sitting as a court of equity, sustaining demurrers to a bill in equity seeking identically the same relief as is sought by the present proceeding, which, like the first, is a petition to supersede and quash an execution issued on the same forfeited .claim bond.

The evidence offered on the trial consists of the written depositions of the witnesses given on the trial of the first proceeding, and the records in the original detinue suit, the former suit to supersede and quash the execution, and the equity suit. A full statement of the facts will be found in the report on the first appeal.

[1] In the present proceeding the theory of the petitioner is that he delivered to the sheriff a part of the property covered by the bond, and is therefore entitled to have the judgment, or bond, which has the effect of a judgment after forfeiture, credited with the value of the property delivered to the sheriff. The evidence relied on to establish such delivery is the testimony of the witness Simmons, the attorney who represented the petitioner on the trial of the rights of property, and, in so far as it relates to the effort of the petitioner to comply with the conditions of the bond, is as follows:

"Mr. James Knight was the sheriff at the time the detinue suit was brought, the claim interposed, and the trial had, and for a long time afterwards. Before the expiration of 30 days, perhaps within 3 weeks—I know, I am absolutely positive, it was before the expiration of 30 days—I went to Mr. Knight and told him we were ready to deliver the lumber to him. I saw Mr. Knight at Elba. I told him that we would now deliver the lumber that is in that claim bond, that is in that claim bond there, the lumber at the mill and at the switch. I told him, I said, 'We will deliver you all the lumber that is in the claim bond, for which they recovered judgment.' He said, 'That is all right.' I told him I would deliver him all the lumber in the claim bond, and he replied that it was all right. I told him where it was. I told him that it was at the Clintonville switch, and a small portion of it was at the mill, and that was where it was seized. * * * The conversation with the sheriff about the delivery of the lumber occurred at Elba, about 10 or 11 miles from the Clintonville switch. I suppose Elba is about 16 miles from Mixon's mill. * * * I know I delivered it within the 30 days. I mean by delivering it that I had the conversation I have just testified with Mr. Knight. I know I did that within the 30 days. * * * I stated in the conversation with Mr Knight mentioned that the lumber was there at. Clintonville switch, and that some of it was over there at the mill, and told him it was the lumber they had recovered in the former suit. He said, 'That is all right.' No question was raised as to the amount."

Assuming for the purposes of this case only that this evidence shows a sufficient tender of the lumber to the sheriff, it clearly shows that the tender was of the lumber then at the mill and switch as all the lumber recovered by the plaintiff, and for which petitioner and his sureties were liable on the claim bond. It was clearly the sheriff's right, and in fact his official duty, to check up the lumber so tendered, and if it was not all that was covered by the bond, it was likewise his duty to reject the tender, and if no other was made to indorse the bond forfeited when the 30 days allowed by the statute for the delivery of the property to the levying officer expired. Code 1907, § 6042.

[2] The evidence is without dispute that all the property covered by the bond was not at the switch and the mill when this supposed tender was made. This fact is now conceded by the petitioner; and some of the evidence tends to show that when the lumber was checked up by the sheriff's deputy to ascertain whether or not it was all there, it was short 25,000 to 30,000 feet. Other than for the purpose of checking it up, the sheriff assumed no dominion over the lumber and made no effort or pretense of delivering it to Holman, the plaintiff in the detinue suit. Aside from the question of the sheriff's authority to accept less than all of the property covered by the bond, for the reasons above stated, and under the undisputed evidence, the petitioner is not entitled to the relief which he seeks in this case.

The judgment of the circuit court is therefore reversed and one will be here rendered dismissing the petition.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.