**WILLIAMS v. WILLIAMS et al. (8 Div. 541.)**

(Supreme Court of Alabama. Nov. 29, 1923.)

**1. Frauds, statute of ⬥129(9)—Agreement to convey land not taken out of statute by possession and improvements without payment.**

Where defendant agreed to convey land to complainant and reimburse himself from a fund held in trust for complainant, and complainant, relying on the agreement, went into possession, made valuable improvements, receiving the rents and profits, but the evidence did not show that anything was paid to or received by defendant, the agreement was within the statute of frauds (Code, § 4289, subd. 5), requiring both possession and partial payment of purchase money in lieu of a writing.

**2. Frauds, statute of ⬥138(5)—One of two brothers owning land held entitled to reimbursements for improvements made under oral promise to convey.**

One put into possession of land (owned half and half by himself and a brother) under an oral agreement by his brother to convey the whole thereof to him was entitled, after refusal to convey, to reimbursement in equity for valuable improvements made in good faith and observed by and known to his brother.

**3. Frauds, statute of ⬥138(5)—Rental value offset against improvements under oral agreement to convey.**

Where one placed in possession of land owned by himself and brother under the brother's unenforceable oral agreement to convey his interest to him made valuable improvements, also receiving the rents and profits, the rental value during possession should be offset against the value of the improvements.

Appeal from Circuit Court, Limestone County; Robert C. Brickell, Judge.

Bill by H. W. Williams against J. W. Williams and Sallie Williams. From a

decree dismissing the bill, complainant appeals. Affirmed in part; reversed in part and remanded.

In brief substance, the bill alleges that: J. W. Williams was appointed trustee of the estate of H. W. Williams (his brother) by the chancery court of Franklin county, in the state of Tennessee. J. W. Williams received the proceeds of the estate and moved the same to the state of Alabama. Thereafter the complainant and respondent purchased certain lands in Limestone county, Ala., described in the bill; the respondent paying for complainant's half interest therein out of the trust funds in his hands; conveyance being made by the owners to complainant and respondent. Shortly after this conveyance was made, an agreement was entered into by complainant and respondent by which respondent would convey to complainant his half interest in the land for one-half the purchase price paid, reimbursing or paying himself from the trust fund in his hands. In accordance with such arrangement, complainant took possession of the land, and has held same ever since, receiving the rents and profits therefrom, clearing portions of the land, and building houses thereon.

Complainant demanded of respondent that he execute conveyance to him in accordance with the agreement; but, it is averred, respondent informed complainant it would be necessary for complainant to convey to respondent his half interest, after which respondent would convey to complainant the full title thereto. It is further averred that, in reliance upon his confidence in his brother, complainant did execute a conveyance to him of his half interest; that respondent has, although repeated demands have been made by complainant, refused to convey any part of the lands to complainant; and that respondent committed a fraud upon complainant in procuring conveyance from him.

The prayer is for specific performance of the agreement to convey, and for general relief.

By amendment Sallie Williams, wife of J. W. Williams, is made a party respondent to the bill.

The court below decreed that complainant was not entitled to the relief prayed and dismissed the bill out of court. From that decree the complainant prosecutes this appeal.

James G. Rankin, of Athens, for appellant.

The oral contract for the sale of the land, partially performed by putting the vendee in possession and payment of all or part of the purchase money, should be specifically performed upon allegation and proof of the contract. Eason v. Roe, 185 Ala. 71, 64 South. 55. If the averments of the bill and the proof are insufficient to require specific performance, the bill should be retained for the purpose of allowing compensation for valuable improvements made on the faith of the contract. Aday v. Echols, 18 Ala. 353, 52 Am. Dec. 225; Allen v. Young, 88 Ala. 338, 6 South. 747; Powell v. Higley, 90 Ala. 103, 7 South. 440; Williams v. Kilpatrick, 195 Ala. 563, 70 South. 742. The court of equity, having assumed jurisdiction for one purpose, will settle the whole litigation. Shipman v. Furniss, 69 Ala. 555, 44 Am. Rep. 528; Brock v. Perry, 132 Ala. 95, 31 South. 517, 90 Am. St. Rep. 896; Nixon v. Clear Creek Lbr. Co., 150 Ala. 602, 43 South. 805, 9 L. R. A. (N. S.) 1255.

R. E. Smith and White & Watts, all of Huntsville, for appellees.

To be specifically performed, a contract must be certain, fair, and just in all its parts, and mutual in its operation and effect. Nor will it be decreed when complainant has parted with no consideration, suffered no irreparable damage, and is in statu quo at the commencement of the suit. Dimmick v. Stokes, 151 Ala. 150, 43 South. 854; Andrews v. Andrews, 28 Ala. 432; 3 Devlin on Deeds, §§ 2281, 2277; Howes v. Barmon, 11 Idaho, 64, 81 Pac. 48, 69 L. R. A. 568, 114 Am. St. Rep. 255.

SOMERVILLE, J. [1] The evidence does not reasonably satisfy us that the purchase price for the land, or any part of it, was paid to or received by the respondent, under his agreement to sell the land to the complainant. We therefore concur in the finding of the trial court that complainant has not made a case which entitles him to specific performance of the contract to convey, because an essential element is wanting to bring the contract within the saving clause of the statute of frauds. Code, § 4289, subd. 5.

[2] We are satisfied, however, that complainant was put in possession of the land at the time of the contract of sale, and that during his possession, in the belief that the contract was still subsisting and would be executed, he made valuable improvements on the land, observed by and known to respondent at the time, for which he has an equitable claim to reimbursement. Aday v. Echols, 18 Ala. 353, 52 Am. Dec. 225; Powell v. Higley, 90 Ala. 103, 7 South. 440; Jones v. Gainer, 157 Ala. 218, 47 South. 142, 131 Am. St. Rep. 52; Williams v. Kilpatrick, 195 Ala. 563, 567, 70 South. 742.

[3] On this theory of his possession and improvements, he would, of course, be chargeable with the rental value of the land during the period of his possession, by way of an offset to the value of his improvements.

We think the trial court should have retained the bill of complaint for relief in

this aspect, under the general prayer, and should have ordered an accounting to ascertain the value of the improvements made by complainant, and also the value of the rents with which he is chargeable, and decreed relief according to the balance shown.

The decree will be reversed to that extent, and the cause will be remanded for further proceedings.

Affirmed in part, and reversed in part, and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.