92 So.2d 38

C. W. BURNS

v.

Macon WILLIS.

8 Div. 883.

Supreme Court of Alabama.

Jan. 17, 1957.

---

C. E. Carmichael, Sheffield, for appellant.

W. A. Barnett, Florence, for appellee.

LAWSON, Justice.

Macon Willis filed a bill in the Colbert Law and Equity Court, in equity, against C. W. Burns, alleging:

"3. Your complainant alleges that on or about January 15, 1954, your complainant and the respondent agreed to enter into the relationship of landlord and tenant under a lease for a term of ten (10) years. That prior to the execution of said lease creating the relationship of landlord and tenant the respondent persuaded your complainant to start work on his farm with one truck and three tractors, and that the complainant, together with his employees, worked approximately two and one-half (2½) months when the weather permitted on the respondent's farm. That pending the execution of the contract, the complainant was paid as a part of his salary $25.00 per week. He was not paid for the use of his truck or the use of his tractors used on said premises. Your complainant alleges that on March 29, 1954, he moved the equipment to another farm to plant his cotton, pending the execution of the lease between the complainant and the respondent.

"4. Your complainant alleges that he returned to the premises to continue to work and he found that the respondent had fenced the premises and that he had rented the land to another party.

"5. The complainant alleges that the respondent was unjustly enriched at the expense of your complainant by the improvement of his farm at the expense of the complainant.

"6. Your complainant alleges that he has no adequate remedy at law and that he is entitled to equitable relief in the premises.

"7. Your complainant alleges that it is impossible for him to determine if he owes any amount to the respondent and without an accounting he cannot determine the amount that the respondent is indebted to him, without an accounting.

"8. Your complainant further alleges that the account between the respondent and your complainant is complicated in character because of the

trust relationship between the parties, and the fact that the respondent has kept the records in regard to these transactions.

"9. Your complainant submits himself to the jurisdiction of this court and offers to do equity in the premises."

In pertinent part the bill prayed:

"Two: That upon the final hearing of the pleading and proof in this cause, Your Honor will enter a decree determining what sum of money, if any, respondent owes the complainant arising out of the mutual transactions, and that the complainant be granted such other, further and different relief which to Your Honor may seem just and proper in the premises."

Respondent's demurrer being overruled, he filed his answer and the cause came on for hearing before the trial court. Thereafter a decree was rendered which reads in pertinent part as follows:

"And the Court, having considered the matter, is of the opinion that Respondent is indebted to Complainant in the amount of $917.00.

"It Is Therefore Ordered, Adjudged and Decreed that the Respondent C. W. Burns is hereby indebted to Complainant Macon Willis in the sum of $917.-00, the said sum to be payable and due upon the signing of this decree.

"It Is Further Ordered, Adjudged and Decreed that Respondent is taxed with costs."

From the decree of the trial court the respondent below has appealed to this court. The cause was submitted here on the merits and on motion of appellee to dismiss the appeal.

### Motion to Dismiss Appeal

The grounds of the motion to dismiss the appeal are:

"1. That the assignment of error was not bound with the transcript and filed with the transcript.

"2. That the assignment of error, if filed, was filed after the transcript was filed and is not a part of the bound transcript as provided by rule one of the revised rules of the Supreme Court of Alabama."

At the time of submission in this court, assignments of error had been made in compliance with all of the provisions of Rule 1, Revised Rules of the Supreme Court of Alabama.—261 Ala. XX; 1955 Cum.Pocket Part, Vol. Two, Title 7, Code 1940, p. 220. The motion to dismiss the appeal is without merit and is due to be and will be overruled. It is so ordered.

### On the Merits

As often said, inadequacy of a remedy at law is one of. the foundation stones of equity jurisdiction, and it is a fundamental rule that before a complainant is entitled to relief in a court of equity, he must have no plain and adequate remedy at law.

The rule is that, where pleading and proof make no case for equitable relief, the bill should be dismissed, even though the equity of the bill may not have been questioned by demurrer or answer. Cummings v. Vann, 215 Ala. 488, 111 So. 229; Ragland v. Board of Missions for Freedmen of Presbyterian Church, 224 Ala. 325, 140 So. 435.

In support of his contention that the equity court had jurisdiction of the controversy, appellee cites our case of Williams v. Williams, 210 Ala. 372, 98 So. 200, and Farrow v. Burns, 18 Ala.App. 350, 92 So. 236. The Farrow case, supra, was on the law side, an action of assumpsit, and is in no way supportive of appellee's position. In Williams v. Williams, supra, the bill sought specific performance of an oral contract to convey land and for general relief. The trial court decreed that com-

**500**

plainant was not entitled to the relief prayed and dismissed the bill. We agreed with the trial court in its holding that a case for specific performance was not shown but as to relief under the general prayer, we said:

"We are satisfied, however, that complainant was put in possession of the land at the time of the contract of sale, and that during his possession, in the belief that the contract was still subsisting and would be executed, he made valuable improvements on the land, observed by and known to respondent at the time, for which he has an equitable claim to reimbursement. Aday v. Echols, 18 Ala. 353, 52 Am.Dec. 225; Powell v. Higley, 90 Ala. 103, 7 So. 440, Jones v. Gainer, 157 Ala. 218, 47 So. 142, 131 Am.St. Rep. 52; Williams v. Kilpatrick, 195 Ala. 563, 567, 70 So. 742.

"On this theory of his possession and improvements, he would, of course, be chargeable with the rental value of the land during the period of his possession, by way of an offset to the value of his improvements.

"We think the trial court should have retained the bill of complaint for relief in this aspect, under the general prayer, and should have ordered an accounting to ascertain the value of the improvements made by complainant, and also the value of the rents with which he is chargeable, and decreed relief according to the balance shown." 210 Ala. 373–374, 98 So. 201.

The cases cited in the Williams case, supra, are to the effect that in a situation of the kind there presented the complainant had a lien on the land which equity alone can declare and enforce. But that is not this case. Here, it appears from the averments of the bill that before the relationship of landlord and tenant was to commence, the prospective tenant did some work on the land for which he has not been paid by the landowner. It is not contended that the complainant has a lien on the land for his services and as far as we can determine he has a plain and adequate remedy at law, an action in assumpsit, upon the common counts, upon the principle that the law will imply a promise to pay a fair and reasonable compensation for services rendered to another, which are knowingly accepted. Irvin v. Strother, 163 Ala. 484, 50 So. 969.

■ The rule has long prevailed in this state that without reference to a discovery or other relief peculiar to equity, that court will not entertain a bill for accounting unless there are mutual accounts between the parties or, if the accounts are not mutual, they are so complicated and difficult to adjust that relief at law is not adequate or unless fiduciary relations exist between the parties. Segrest v. Brown, 263 Ala. 342, 82 So.2d 432.

Under the evidence in this case there was presented no question of mutual accounts or complicated accounts. No fiduciary relation was shown to exist. We do not understand the bill to pray for a discovery and, in any event, under the evidence it could not be retained for that purpose.

■ We are of the opinion that the law side affords to complainant a complete and adequate remedy, and on the trial of which the defendant is entitled to a trial of the issue by jury.

The decree of the trial court is reversed and one will be rendered here dismissing the bill. It is so ordered.

Reversed and rendered.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.