196 So.2d 869

**Joe F. WATSON**

v.

**CITY OF DOTHAN.**

**4 Div. 564.**

Court of Appeals of Alabama.

Dec. 13, 1966.

Rehearing Denied Jan. 31, 1967.

J. Hubert Farmer, Dothan, for appellant.

C. R. Lewis, Dothan, for appellee.

CATES, Judge.

This appeal was submitted on briefs November 10, 1966. Watson was convicted under a City bylaw for selling beer to a minor.

■ The City has moved that we affirm because appellant "has failed to assign any error in the record on this appeal."

The record was filed here April 29, 1966. June 9 the appellant on detached pages filed an assignment of errors.

Rule 1 of appellate practice followed consistently by this court and the Supreme Court of Alabama provides in part:

"* * * Such assignments shall be written or typed upon transcript paper *and bound* with the transcript, * * *." (Italics added.)

"Bound with the transcript" was emphasized in Erwin v. Erwin, 269 Ala. 632, 114 So.2d 918.

We quote the opinion in Trussell v. Ripps, 277 Ala. 248, 168 So.2d 619:

"The appellee has moved that this judgment be affirmed because no errors have been assigned.

"The suing out of an appeal is analogous to the institution of a new suit. The assignment of errors correspond to the complaint or bill in the original proceedings. * * * Without any assignment of error, an appeal can present nothing for review. This defect is jurisdictional.

"Appellee's motion, though superfluous, is due to be granted. Had no motion been filed, the judgment would of necessity stand affirmed. * * *" Citations omitted.

The judgment below is hereby

Affirmed.

## On Rehearing

CATES, Judge.

Counsel for appellant submits that our foregoing opinion goes against the judgment and opinion of the Supreme Court in Burns v. Willis, 265 Ala. 497, 92 So.2d 38. Moreover, he calls attention to the City's brief wherein the following appears:

"* * * Under the decision in the case of C. W. Burns v. Macon Willis, 265 Ala. 497, 92 So.2d 38, hn. 1, it would appear that appellant has cured said defect."

■ Yet nowhere do we find the City formally withdrawing its motion to affirm because appellant failed to have the assignment of errors on transcript paper bound with (but inserted after) the record certified by the Circuit Clerk. Also, this omission of assignments in the record on submission of the appeal is ground for affirmance by an appellate court ex mero motu. See the quotation from Trussell v. Ripps, supra.

We have gone to the original record in Burns v. Willis in the custody of the Clerk of the Supreme Court. The assignment of errors is handwritten, most likely by appellant's attorney. The assignment has the

same date as that shown on the Clerk's filing stamp on the front cover page of the record.

From this we assume that in all probability counsel for appellant physically brought the record to Montgomery and wrote out his assignment in the Judicial Building. Since appellee's counsel no doubt was not present in Montgomery when appellant filed the record, the copy of the assignment sent appellee (perhaps not being a carbon copy) must have stirred a wariness which moved him to move for affirmance.

Headnote number one in Burns v. Willis, supra, begins with the conclusory statement from the opinion that "assignments of error had been made in compliance with all of the provisions of Rule 1." The opinion continues, expressly stating that the motion to dismiss was without "merit."

Since only questions of fact were given as grounds for the motion, we consider that the characterization of the motion as being without merit could only imply that the grounds of the motion were factually inaccurate. Hence, if that be so, the motion was indeed not well taken. We see no conflict between Burns v. Willis (thus viewed) and Erwin v. Erwin, supra.

The writer is no admirer of Supreme Court Rule 1 in the hyper-technicality of requiring that assignment of errors be part of the record in civil cases instead of letting them be asserted in briefs. However, until this court, the Supreme Court or the Legislature changes this Rule, it should be followed in the interest of certainty.

The appellant's application for rehearing is accordingly overruled.

Application overruled.

PRICE, P. J., and JOHNSON, J., concur in result.