260 So.2d 387

**SOUTHERN ELECTRIC SUPPLY COMPANY, Inc.**

v.

**Das BORDEN et al.**

**8 Div. 449.**

Supreme Court of Alabama.

March 30, 1972.

**304**

Herman H. Ross, and Robert L. Gonce, Florence, for appellant.

Bryce U. Graham, Tuscumbia, for appellees.

LAWSON, Justice.

This is an appeal from a final decree of the Circuit Court of Lauderdale County, in Equity, which enjoined appellant, Southern Electric Supply Company, Inc., a corporation, and others from proceeding to collect the amount of a forthcoming bond (§ 562, Title 7, Code 1940) from the sureties on the bond, who are appellees here, and which decree also cancels and annuls the forfeiture on the bond.

Appellees in the stating part of their bill of complaint alleged in pertinent part as follows:

"III.

"That on, to-wit: October 14, 1966, Complainants executed a forthcoming bond in the Circuit Court of Lauderdale County, Alabama, guaranteeing that one 1964 Model, 98 4-door Oldsmobile, Motor No. 884 M 06698, would be produced and made available for Sheriff's Execution Sale on said automobile on the date that said automobile was to be sold. Said automobile was, at that time, and is, at the present time, and has been during this period of time, in the possession of its owner, W. A. (Bill) Borden. Execution Sale for said automobile was originally set for 12:00 o'clock Noon, October 17, 1966, at the Lauderdale County Courthouse, Florence, Alabama. After this date for sale was set, the Sheriff of Lauderdale County released said automobile to Complainant, W. A. (Bill) Borden, and told him that he would be notified when to produce the automobile and that said sale originally set for October 17, 1966, as aforesaid, would not be had at that time. Said Complainant, Borden, has kept this automobile in his possession since executing the aforesaid bond and said automobile has been available at all times for any proceeding of sale or otherwise as provided for in said forthcoming bond. A copy of said bond is attached hereto marked 'Exhibit A' to this complaint and hereby incorporated into and made a part of this bill of complaint.

"IV.

"That without any notice whatsoever being given to Complainant or any of the bondsmen as to any further proceeding in the matter or to produce said automobile for sale as provided for in the bond, Respondent, Southern Electric Supply Company, Inc., through its attorney of record, Hon. Herman Ross, did on the 16th day of January, 1967, have the Sheriff of Lauderdale County, Alabama, enter a purported forfeiture on said bond as the same appears from 'Exhibit A' hereto. Said forfeiture was taken in vio-

lation of the statutes providing for such forfeitures and in violation of the Complainant's rights as provided for in said bond since Complainants have actually never refused to carry out the condition of said bond and provide by its provisions. Complaints' rights to due process of law have been flagrantly violated by such procedure.

"V.

"That since the date of said purported forfeiture on January 16, 1967, as aforesaid, Respondents have harrassed Complainants by threatening to levy on their properties and by insisting that the amount of said bond be paid or said bondsmen would be brought into Court and ordered to pay the same. This harrassment, threats, and conducts on the part of Respondents has continued throughout said period of time and continues as of the date of the filing of this bill of complaint. . . .

"VI.

"Complainants have no legal remedy available to them against the harrassment, mistreatment, threats and wrongful conduct toward them by Respondents as aforesaid, other than in equity for an injunction against the Respondents."

Aside from prayer for process, the bill prayed:

"B.

"That upon final hearing and determination of this cause, your Honor will make and enter a permanent injunction against the Respondents ordering that they cease and desist from any further harrassment, threats, legal proceedings or interference of any kind against Complainants in this cause in their efforts to coerce or collect any money or judgment against Complainants growing out of the facts aforesaid.

"C.

"Complainants pray for such other, further, different and general relief to which they are entitled in the premises."

■ It is our view that the bill is without equity.—Henderson v. Holman, 193 Ala. 262, 69 So. 424. *Cf.* Williams v. Colquett, 272 Ala. 577, 133 So.2d 364.

■ Relief in equity can only be granted on allegations and proof, and proof cannot be allowed to supply defects or omissions in allegations.—AGM Drug Co. of Ala. v. Dobbs, 277 Ala. 493, 172 So.2d 379.

■ The relief which complainants sought in their bill should have been sought in the court of law from which the process was issued. Section 128, Title 13, Code 1940, provides, among other things, as follows: "The circuit court has power after final judgment: . . . To secure parties or privies in their rights against any oppression or abuse of execution, or other process, or upon any release, discharge, or payment after judgment."—Henderson v. Holman, *supra.*

We have pointed out that inadequacy of a remedy at law is one of the foundation stones of equity jurisdiction, and it is a fundamental rule that before a complainant is entitled to relief in a court of equity, he must have no plain and adequate remedy at law.—Burns v. Willis, 265 Ala. 497, 92 So. 2d 38.

■ The rule is that where pleading and proof make no case for equitable relief, the bill should be dismissed, even though the equity of the bill may not have been questioned by demurrer or answer.—Burns v. Willis, *supra;* Ragland v. Board of Missions for Freemen of Presbyterian Church, 224 Ala. 325, 140 So. 435; Cummings v. Vann, 215 Ala. 488, 111 So. 229; Edmondson v. Martin, 256 Ala. 73, 53 So.2d 613; Jackson v. Knox, 119 Ala. 320, 24 So. 724; Howle v. Alabama State Milk Control Board, 265 Ala. 189, 90 So.2d 752.

**306**

The decree of the trial court is reversed and one will be rendered here dismissing the bill. It is so ordered.

Reversed and rendered.

MERRILL, HARWOOD, MADDOX and McCALL, JJ., concur.