295 So.2d 256

**SOUTHERN ELECTRIC SUPPLY COMPANY, INC., a corporation, et al.**

v.

**W. A. (Bill) BORDEN et al.**

**Civ. 271, Civ. 271–A.**

Court of Civil Appeals of Alabama.

May 8, 1974.

---

O'Bannon & Gonce and John R. Formby, Jr., Florence, for appellants.

No brief for appellees.

HOLMES, Judge.

Appellant, Southern Electric Supply Company, Inc., appeals from the action by the Circuit Court of Lauderdale County, Alabama, in granting a petition for writ of supersedeas filed by appellee on June 21,

1972. The court's final order in granting the writ of supersedeas held that a prior forfeiture judgment rendered against the bond sureties on January 16, 1967, would not support an execution; and that the forfeiture and execution issued in favor of appellant and against the appellee sureties were permanently and perpetually suspended and superseded.

We point out that these parties have recently been before our supreme court involving the same facts and, therefore, we direct attention to Southern Electric Supply Co. v. Borden, 288 Ala. 303, 260 So.2d 387, and will only recite those facts pertinent to our case and those occurring after the March 30, 1972, decision authored by Mr. Justice Lawson.

On January 16, 1967, the Sheriff of Lauderdale County entered a forfeiture on the bond of which appellees are sureties because of failure of the sureties to present an automobile for sale on October 17, 1966, as required by the bond. The sheriff acted under the provisions of Ala. Code (1940), Tit. 7, § 563, which provides as follows:

"If the property is not delivered according to the condition of the bond, the sheriff must return it forfeited within five days thereafter to the register or clerk's office out of which the execution issued, indorsing thereon a forfeiture of the bond; and it is then the duty of the clerk, or register, without delay, to issue execution on the forfeited bond against all the obligors therein for the judgment and costs, upon which no security of any kind can be taken, which he must indorse on the writ."

■ This forfeiture, under the above quoted section, acts as a limited statutory judgment and supports execution upon such forfeiture. See Huett v. Nevins, 255 Ala. 37, 50 So.2d 160.

On May 4, 1972, after the aforementioned decision by our supreme court, appellant again sought execution by alias execution of the January 16, 1967, forfeiture entered by the Sheriff of Lauderdale County. Thereafter, on June 21, 1972, appellees filed their petition for writ of supersedeas in the Circuit Court of Lauderdale County, Alabama, seeking to supersede the execution on the January 16, 1967, forfeiture. This petition is the basis of the instant suit.

The petition alleged, in pertinent part, essentially the same facts as set forth in the bill of complaint in Southern Electric Supply Co. v. Borden, *supra*; and, further, asked for legal relief by supersedeas to order and direct appellants to cease and desist from any action against appellee-petitioners pending final hearing of the cause; and, that upon final hearing, the lower court should enter an order permanently prohibiting appellants from further attempts on their part to collect the January 16, 1967, statutory judgment.

Appellant then filed a plea in abatement; appellee amended his petition for writ of supersedeas; appellant amended his plea in abatement; appellee's demurrer to the plea in abatement was overruled and a hearing was set. On March 2, 1973, the circuit court overruled appellant's plea in abatement and granted appellee's petition for writ of supersedeas.

The judgment of the court was apparently bottomed upon two premises. First, that a temporary restraining order issued October 13, 1966, by the Colbert County Circuit Court prevented the Sheriff of Lauderdale County from selling the automobile on October 17, 1966. Second, that the sheriff did not comply with the provision in Ala. Code (1940), Tit. 7, § 563, that the sheriff must return the bond within five days after forfeiture.

Appellant's dispositive assignment of error is that the lower court erred in granting the petition for writ of supersedeas. Appellee did not favor this court with a brief.

It appears that appellee proceeded under Ala. Code (1940), Tit. 13, § 128, which reads as follows:

"The circuit court has power after final judgment:

"To correct any error in fact in the judgment or process apparent upon the whole record.

"To secure parties or privies in their rights against any oppression or abuse of execution, or other process, or upon any release, discharge, or payment after judgment."

It has been held that the grounds for relief in proceedings under this section, "must rest either on facts occurring subsequent to the decree or judgment such as satisfaction, or, if it relates to antecedent facts must show fraud in the decree, or want of jurisdiction in the court, apparent on the face of the record. Furthermore, it has never been allowed to extend to matters arising anterior to the judgment." City of Birmingham v. Reed, 35 Ala.App. 31, 36, 44 So.2d 607, 611, 612.

Our cases have held that relief by way of supersedeas is equitable in nature and usually rests on facts occurring subsequent to the original judgment. See Huett v. Nevins, *supra*, and cases cited therein.

■ In Ex parte Brickell, 204 Ala. 441, 86 So. 1, the supreme court discussed several cases setting forth the general principles of law in reference to proceeding for relief by supersedeas. Of particular note is the controlling proposition that if the proceeding relates to antecedent facts, either fraud in the decree must be shown, or want of jurisdiction apparent on the face of the record, before supersedeas will lie. See Gravett v. Malone, 54 Ala. 19. The *Brickell* court, *supra*, also quotes from Marshall v. Caudler, 21 Ala. 490, wherein it was held that supersedeas has not been allowed to extend to matters arising anterior to the judgment.

Then the court in *Brickell* states:

"While conceding this limitation as a general rule, it is assumed by the Court of Appeals that it has no application to judgments sought to be impeached for want of jurisdiction of the person of the defendant. This assumption is correct as to want of jurisdiction apparent upon the face of the record; but it is erroneous as to want of jurisdiction which can be shown only by going behind the record and impeaching it by evidence dehors. All of our decisions above recited are clear to this result." (204 Ala. at 442, 86 So. at 2)

■ Applying the principles above to the instant case, relief by supersedeas via Tit. 13, § 128, cannot be had on the basis of fraud since appellee's petition contains no allegation of fraud, nor is there any proof thereof. As we perceive appellee's petition, it could be construed as seeking relief on the basis of want of jurisdiction of the Lauderdale County Sheriff to consider the bond forfeited on October 17th based upon the October 13, 1966, temporary restraining order granted by the Colbert County Court and dismissed on December 22, 1966, on a motion to discharge. The court allowed testimony regarding this temporary restraining order and we note that while such testimony could have been interpreted as showing that such an order was in existence, the testimony showed it was done without a hearing, without service, and without notice and, as mentioned above, was dismissed in December 1966. However, this will not suffice to meet the criteria of relief by supersedeas since the lack of jurisdiction must be apparent on the face of the record. This means there must be fundamental error which can be readily seen to go to the foundation of the action without looking behind the record and considering evidence dehors. See *Ex parte Brickell, supra*. See also, 3A Words and Phrases, "Apparent on the Face of the Record," p. 265, and cases cited therein. Therefore, considering the forfeiture, i. e.,

statutory judgment, in the instant case, there was no error apparent on the record and relief by supersedeas cannot be had as we perceive the state of the record.

 As we previously mentioned, the trial court also based its decree in part upon the fact that the sheriff did not enter the forfeiture within five days of October 17 (the date of the intended sale) as set forth in the statute, but entered the forfeiture on January 16, 1967, some three months later.

Appellant ably argues that the five day provision in Ala. Code (1940), Tit. 7, § 563, is intended for the protection of a plaintiff in execution in order to prevent undue delay by a sheriff in forfeiting a bond. We fully agree. In the instant case, there are no allegations nor proof that the appellees were prejudiced by such delay, rather, it would appear to this court that delay would only adversely affect the appellant.

We can understand the difficulty of the learned and distinguished trial judge in dealing with this proceeding and the relief sought. We might point out, however, that our supreme court, in Southern Electric Supply Co. v. Borden, *supra*, was, as we understand it, addressing itself in that case to the issue whether there was equity in the bill. Upon finding the bill without equity, the court stated that the relief sought should have been sought at law, *not* that there would necessarily be merit in the case were it brought at law.

For the above discussed reasons and upon consideration of all proper assignments of error, the case is due to be reversed and remanded.

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.